166 So.2d 581 (1964)
Ralph CHAUVIN
v.
ATLAS INSURANCE COMPANY.
No. 1501.
Court of Appeal of Louisiana, Fourth Circuit.
July 15, 1964.
*582 Price & Francipane, Chester Francipane, Metairie, for plaintiff-appellant.
Lemle & Kelleher, Albert H. Hanemann, Jr., New Orleans, for defendant-appellee.
Before SAMUEL and HALL, JJ., and CHRIS T. BARNETTE, J. Pro Tem.
CHRIS T. BARNETTE, Judge pro tem.
Plaintiff brought suit for damages on account of personal injuries sustained when he dived into the swimming pool of defendant's insured, Bertin Arlt, while a guest in the Arlt home. From a judgment rejecting plaintiff's demands he has appealed.
On September 1, 1961, about 8:00 p.m., plaintiff and his wife, upon invitation of their neighbors, Mr. and Mrs. Arlt, arrived at the home of their hosts for an informal social gathering. Four other couples also *583 came upon invitation. After a short time of informal visiting, someone in the party suggested that they go swimming. One of the men had brought his swimming trunks but plaintiff had not, though he understood it to be a swimming party rather than a cocktail party. He testified that he was not particularly interested in swimming", but upon some insistence from the others, he agreed to do so along with the other men. His host, Mr. Arlt, provided him with swimming trunks. The ladies did not participate in swimming and were content to sit on the patio while the men were in the pool.
One of the guests entered the pool first from the shallow end. He was followed by Mr. Arlt who dived into the water from the diving board. About the time Mr. Arlt completed his dive and was standing in 4 or 5 feet of water approximately 15 feet from the diving board, the plaintiff dived in and in his own words "landed approximately where he [Arlt] was." In some manner the plaintiff struck his head on the bottom of the pool causing the injuries which form the basis of this suit.
Plaintiff's suit is predicated on the allegation that the pool was improperly constructed in that it did not comply with minimum approved specifications as to depth and area of the diving well as recommended by the National Swimming Pool Institute. More particularly, plaintiff alleges that the area of the diving well was too small to permit one to dive with reasonable safety and was, in fact, a vice or defect of construction amounting to a trap. He seeks recovery of damages as an invitee of his host, asserting the breach of duty owed him as such for reasonable care and protection in the use and enjoyment of the facilities provided by his host.
There is no question that plaintiff was an invitee, Campbell v. All State Insurance Company, La.App., 112 So.2d 143; Mercer v. Tremont & G. Ry. Co., La.App., 19 So.2d 270; 65 C.J.S. Negligence § 43; and that his host owed to him the duty of reasonable care commensurate with the particular circumstances involved. But the law is equally clear that the host is not liable as an insurer of his invitee's safety. Mr. Arlt owed to plaintiff the duty to warn him of known or foreseeable dangers in the use of the swimming pool. Howard v. Early Chevrolet-Pontiac-Cadillac, Inc., La.App., 150 So.2d 309. Reasonable care in the protection of the invitee includes the obligation to discovery reasonably discoverable conditions which may be dangerous or likely to cause injury and to warn the invitee of such conditions. Dyer v. Stephens Buick Co., La.App., 125 So. 2d 185; Alexander v. General Accident Fire & L. Assur. Corp., La. App., 98 So.2d 730. We subscribe fully to these principles of law when applied to the proper factual situation.
The dimensions of the swimming pool are set forth in the record. It is rectangular in shape, 15 feet 9.4 inches wide by 36 feet long. The maximum depth 6 feet out from the wall at the deep end is 9 feet and from this point the depth decreases to 4.4 feet at a point 16.6 feet from the wall. From there it decreases at a lower ratio to a minimum of 2 feet at the shallow end. The diving board is 3.3 feet above the water and projects out over the water 8.6 inches from the perpendicular wall at the deep end. There is no complaint about the maximum depth, but plaintiff's witness Lester J. Dufresne, who qualified as an authority on residential swimming pools, testified that the rise of the pool bottom from its maximum depth was at too sharp an angle, thus reducing below minimum recommended specifications the length of the safe diving area.
Diagrams of the swimming pool were introduced in evidence in connection with the testimony of this witness and show some deviation in the construction of the pool from the minimum specifications recommended by the National Swimming Pool Institute. As far as we know there is no regulatory ordinance or statute on the subject of private swimming pool construction, *584 and therefore the so-called minimum specifications adopted by a private association have no binding effect. They are recommendations only and a failure to follow them is not negligence per se; nor does some deviation therefrom necessarily constitute a vice or trap. These are questions of fact to be determined by the court in each individual case. No rule of mathematical exactness can be applied by the courts in the absence of a regulatory ordinance.
Whether or not this alleged deviation is so great as to constitute a trap for which the defendant is liable to this plaintiff is a question of fact we must decide. If it was known to the owner that his swimming pool was so poorly constructed as to be a trap or hidden danger, or if it was one reasonably foreseeable to him as such, are still other questions. We must answer these questions in the negative.
There is testimony in the record to show that the owner, Mr. Arlt, had moved the diving board back to its present position from its former projection of 2½ feet over the water, as a precautionary measure, "to make lower dives." From this fact it is argued that Mr. Arlt was aware of the hazard of the limited diving area and should have warned his guests and invitees and that his failure to do so was negligence for which he and his insurer are liable. On the other hand, there is no evidence that any other person had been injured in this pool on account of limited diving area.
Considerable testimony was introduced in an attempt to prove that a diving contest was in progress. It is very probable that someone in the group might have issued some sort of challenge as to who could dive the "fartherest" or the "prettiest" but this, we think, has little or no bearing on the duty of the plaintiff to exercise reasonable care in the execution of his dive. Diving under the most favorable conditions is fraught with many dangers, and a diver is required to make some inquiry or investigation to determine the safety of diving before doing so. The presence of a diving board, which is an invitation to dive, does not relieve one of the duty to make this inquiry when diving for the first time into an unfamiliar pool.
The plaintiff had never been in this pool before and his initial entry into the water was in the ill-fated dive. By his own admission he attempted a long dive, about 15 feet from the end of the board, to a point where his host was standing. His explanation for this was that he thought Mr. Arlt was treading in deeper water. We agree with the trial judge that the plaintiff was negligent in the manner in which he entered the water without first having made more reasonable inquiry, or better still an investigation by first entering the pool in a safer manner.
The general rules which determine the host's liability to his invitee are well established in our jurisprudence and are fully discussed in Crittenden v. Fidelity & Casualty Co. of New York, La.App., 83 So.2d 538, citing 65 C.J.S. Negligence § 50. We are not unmindful of the duty of the owner of the premises to keep them safe for invitees from hidden dangers, traps and the like, unknown to the invitee, but the invitee is also under a duty to exercise ordinary care and prudence in observing or discovering such dangers. In the instant case we can find no reason to disagree with the trial judge who found the plaintiff to have failed to exercise the caution required of a reasonably prudent person.
Whatever hazard might have existed as a result of the alleged improper construction of the pool was not shown ever to have caused injury before to persons who used it with ordinary care. The plaintiff has failed to show by a preponderance of the evidence that the proximate cause of his injury was the hazardous construction of the pool. It is our opinion that the plaintiff must bear the responsibility for his own careless and negligent act which caused his injury.
The judgment appealed from is affirmed at plaintiff's cost.
Affirmed. *645