195 So.2d 636

**Josephine H. and James F. FOGGIN**

**v.**

**GENERAL GUARANTY INSURANCE COMPANY.**

**No. 48295.**

Feb. 20, 1967.

Booth, Lockard, Jack, Pleasant & Le-Sage, James J. Thornton, Jr., Shreveport, for plaintiffs-applicants-relators.

Bodenheimer & Jones, G. M. Bodenheimer, Jr., Shreveport, for defendant-respondent.

HAMLIN, Justice:

In this tort action, we directed certiorari to the Court of Appeal, Second Circuit, in order that we might review its judgment which affirmed a judgment of the trial court rejecting plaintiffs' demands at their costs. Art. VII, Sec. 11, La.Const. of 1921; La.App., 186 So.2d 665; 249 La. 584, 187 So.2d 742.

The facts leading to the institution of the present action are correctly stated by the Court of Appeal as follows:

"On December 26, 1964 Mrs. Josephine Foggin was a social guest in the home of her son, Howard F. Foggin, at 922

Audubon Place in Shreveport where she had been invited to enjoy Christmas day with his family. After midnight at approximately 1 o'clock A.M. Mrs. Foggin and her daughter-in-law decided to dispose of some wrapping paper and boxes. The rear of the Foggin premises was enclosed by a redwood fence with a gate to the back yard situated on the carport side of the home. The gate was constructed in two sections, both of which opened outward from the yard towards the front of the property. It was the intention of Mrs. Foggin and her daughter-in-law to collect the paper and wrappings from the Christmas presents and carry it to the front of the property next to the street. After plaintiff had collected an armful of paper she and Mrs. Howard Foggin left the rear of the house through the patio and walked rather briskly around the storage and wash room to the gate where she tripped over a plank. This plank, painted a dark color, was nailed across the bottom of the gateway, extending some six to eight inches above the ground. Its purpose was to prevent the dog owned by Howard Foggin from getting out of the yard."

Alleging that Mrs. Josephine Foggin sustained an acute lumbar sprain, cholecystitis, a hiatus hernia, and a bruised left knee as a result of the accident of tripping over the plank, Mrs. Foggin and her husband, James F. Foggin, brought suit for damages against Guaranty Insurance Company, the liability insurer of their son, Howard F. Foggin, and his wife Catherine. They asserted that the accident was caused solely through the negligence of Howard F. Foggin and his wife particularly in:—(a) creating a work across the bottom of the gateway in the nature of a trap to those who would walk through the gate; (b) failing to warn Mrs. Foggin of the presence of the board; and (c) obstructing an entranceway so as to impede and render dangerous coming and going through the gateway.

The trial court found that Mrs. Josephine Foggin was negligent in assuming the risk of her fall. It also found that Mr. and Mrs. Howard F. Foggin had a right to obstruct their driveway, and that there was no necessity for them to have warned Mrs. Josephine Foggin of the obstruction.

In affirming the judgment of the trial court, the Court of Appeal concluded:

"* * * It was not incumbent upon the host to anticipate that a guest would use the gateway in darkness. The failure of plaintiff to provide herself with adequate light to walk through darkness on premises with which she was not completely familiar was the proximate cause of the accident. Obviously with sufficient light the plank could have been seen and avoided.

" * * * we conclude, first, that there was no breach of legal duty on the part of Howard Foggin to his mother, and secondly, that Mrs. Foggin was negligent in failing to provide herself with adequate light before attempting to go through the gateway in complete darkness and without taking commensurate care under the circumstances."

In this Court plaintiffs, applicants, urge as assignment of errors, the failure of the Court of Appeal to find that Mr. and Mrs. Howard F. Foggin were guilty of the acts of negligence alleged in their original petition.

Defendant, respondent, contends that the judgment of the Court of Appeal is correct and should not be disturbed.

In determining this matter, we shall address a number of questions to ourselves.

1. Did the alleged accident actually occur?

■ Our reason for posing this question is the fact that the trial judge stated that there was a dispute as to whether Mrs. Josephine Foggin actually fell. Such dispute was mentioned in argument in this Court, and we, therefore, feel constrained to answer the above question.

Mrs. Foggin's attending physician, Dr. Ray King, wrote in her history that she had slipped and fell Saturday night on her way home from work, twisting her back. However, he testified that he could not vouch for the authenticity of the statement and that the history was written in his office from memory. He also testified that Mrs. Foggin had mentioned the incorrectness of the statement to him. Since the doctor admitted he could have made a mistake in the history, we conclude that his notes were in error as to the place of the accident. Mrs. Foggin testified affirmatively as to the alleged accident, stating that her daughter-in-law assisted her in rising from the ground after the fall. Her testimony is not contradicted. The daughter-in-law, Catherine Foggin, who, according to Mrs. Josephine Foggin and as found by the Court of Appeal, was present at the time of the accident, did not testify.

A reading of the entire testimony of record, which contains no denial of the alleged accident, constrains us to conclude that the accident did occur. We, therefore, answer the foregoing question affirmatively.

■ 2. Did Mrs. Josephine Foggin have a right to be in that part of her son and daughter-in-law's premises where and when the accident occurred?

Mrs. Foggin was an invited social guest in the home of her son and his wife. The home contained a back yard which is certainly a part of the premises. Mrs. Foggin's uncontradicted testimony is to the effect that shortly before her accident she

assisted Catherine in picking up the Christmas wrappings and then accompanied her into the back yard; that she went into the yard voluntarily but was not admonished with respect to remaining in the house. She testified that she picked up some strewn paper in the yard and "then Catherine said, that is enough, come on." Mrs. Foggin then went around the wash and storage room, the area being darker than that surrounding the patio, and then Catherine opened one of the gates, waiting for her to proceed through.

We conclude from Mrs. Foggin's uncontradicted testimony that she was a social guest of her son and his wife at the place where the accident occurred and at the time it took place.

 3. Did Catherine Foggin open the gate for plaintiff Josephine Foggin?

On direct examination, Josephine Foggin testified as follows:

"Q. Now, Mrs. Foggin, who opened the gate?

"A. Catherine.

"Q. Were both sides open, or just one?

"A. One.

"Q. Where was your daughter-in-law, Catherine, standing when you went through the gate?

"A. She was standing by the side of the washroom there.

"Q. In the front yard or in the back? Had she gone through the gate yet?

"A. No.

"Q. She was waiting for you to proceed through?

"A. Yes."

On cross-examination, Mrs. Foggin reiterated her testimony to the effect that her daughter-in-law was by the washroom, waiting for her to go through the gateway.

We conclude that Mrs. Catherine Foggin did open the gate for her mother-in-law to proceed through.

 4. Did Josephine Foggin know of the existence of the board nailed across the bottom of the gateway?

Her uncontradicted testimony is to the effect that she had visited her son and his wife many times during the ten years they had lived in their house. The yard was familiar ground, and she had been in it many times. Mrs. Foggin stated that it had been possibly a year since she had been through the gateway. She said that she was afraid of her son's two dogs. She affirmatively said that she had never seen the board across the bottom of the gateway, nor had anyone told her it was there. There is no evidence of record showing the length of time the board had been in place. Mrs. Foggin's first knowledge of the board was attained the night of the accident, after it occurred; she looked down to see what had

happened, being in a shocked condition, and saw the dark board.

We conclude that prior to her accident, Mrs. Josephine Foggin did not know of the existence of the board across the gateway.

█ 5. Did Mrs. Catherine Foggin warn her mother-in-law as to the existence of the board?

Mrs. Josephine Foggin's testimony that no warning was given to her is uncontradicted. Her daughter-in-law, who was the only witness to the accident, was not called to testify. We are, therefore, constrained to conclude that Mrs. Josephine Foggin was not warned.

█ As stated supra, Mrs. Josephine Foggin was a social guest in her son and daughter-in-law's home. She had been invited and therefore was an "invitee." Alexander v. General Accident Fire & L. Assur. Corp., La.App., 98 So.2d 730; Daire v. Southern Farm Bureau Casualty Ins. Co., La.App., 143 So.2d 389; Caruso v. Aetna Insurance Company, La.App., 186 So.2d 851.

Having found that Mrs. Josephine Foggin was an invitee, that she had a right to be where she was at the time of the accident, that she had no knowledge of the existence of the board, and that she was not warned as to the existence of the board nailed across the bottom of the gateway, we approach the issue of negligence and pose the following question:

6. Was there a legal duty imposed on Mrs. Catherine Foggin to warn her mother-in-law of the existence of the board?

█ Each case must be decided on its own facts and circumstances. Pilie v. National Food Stores of Louisiana, Inc., 245 La. 276, 158 So.2d 162. We do not find that the board in the instant case constituted a trap, nor that it was a vice in construction. However, it was an obstacle and obstruction to unimpeded passage or walking through the gateway. The board was of a dark color, blending with the redwood fence, and was not visible in the existing light. Mrs. Catherine Foggin, as found supra, had opened one of the gates. Her actions indicated that her mother-in-law should go through the gateway and that she could safely pass through it. The Foggin patio was illuminated, but the area on the side of the carport adjoining the gateway, not being directly illuminated, was dark. The darkness, however, was not impenetrable as there was a shaded street light on the other side of the street. Not seeing the obstacle, it is quite natural that Mrs. Josephine Foggin tripped and fell; she walked directly into it and thus lost her balance.

█ Mrs. Catherine Foggin was not an insurer of her mother-in-law against the possibility of accident. Daire v. Southern Farm Bureau Casualty Ins. Co., La.App., 143 So.2d 389. However, "An invitee is a person who goes on the premises with the

express or implied invitation of the occupant on the business of the latter or for their mutual advantage; and to him, the duty owed is that of reasonable and ordinary care, which includes the prior discovery of *reasonably discoverable* conditions of the premises that may be unreasonably dangerous, and correction thereof or a warning to the invitee of the danger." Alexander v. General Accident Fire and Life Assurance Corp., La.App., 98 So.2d 730. "The owner, occupant, or person in charge of property owes to an invitee * * * the duty of exercising reasonable or ordinary care for his safety and is liable for injury resulting from breach of such duty. This duty includes that of exercising reasonable care to keep the premises in a reasonably safe and suitable condition or of *warning* invitees * * * of hidden or concealed perils of which he knows or should know in the exercise of reasonable care, so that those whom he has invited to enter upon or use his property shall not be unnecessarily or unreasonably exposed to danger. * * *" Savell v. Foster, 149 So.2d 210. (Emphasis ours.) Therefore, under the facts found and the jurisprudence, we are impelled to conclude that Mrs. Catherine Foggin was negligent in not warning her mother-in-law of the existence of the board, and that her failure to give such warning was the proximate cause of the instant accident. Cf. Mahfouz v. United Brotherhood of Carpenters, Etc., La.App., 117 So.2d 295; Chauvin v. Atlas Insurance Company, La.App., 166 So.2d 581; Frederick v. J. E. Hixson & Sons, La. App., 159 So.2d 599.

Having found that Mrs. Catherine Foggin, the defendant's insured, was guilty of negligence, we approach the last and remaining question:

7. Was Mrs. Josephine Foggin guilty of contributory negligence which would bar her recovery?

Under the facts found supra, we conclude that it was not incumbent upon Mrs. Josephine Foggin to peer or look down at the ground and search for an obstacle to her passage through the gateway; neither was it necessary for her to provide herself with some sort of light. Cf. Robnett v. Great American Insurance Co. of N. Y., La. App., 187 So.2d 152; 249 La. 470, 187 So.2d 445. The invitee is under a duty to exercise ordinary care and prudence in observing or discovering dangers. Chauvin v. Atlas Insurance Company, supra. However, under the conditions herein, Mrs. Josephine Foggin reasonably assumed that she could walk through the gateway safely; she could not have been expected to assume that the board was at the bottom of the gateway. The instant danger—the board—was not such, under the facts found, as could and should have been discovered by Mrs. Foggin. No assumption of risk is disclosed by the record; as found supra, Mrs. Foggin was neither warned of the board nor did she have knowledge of its existence; her daughter-in-law indicated she could safely pass

through. Cf. Kennedy v. Columbia Casualty Company, 248 La. 869, 182 So.2d 519. We conclude that Mrs. Josephine Foggin exercised reasonable care and prudence, and under the facts she was entitled to believe that her path was not dangerous. St. Paul v. Mackenroth, 246 La. 425, 165 So.2d 273; Daire v. Southern Farm Bureau Casualty Ins. Co., supra, La.App., 143 So.2d 389. Contributory negligence is a special defense and the party relying on such a defense takes the burden of establishing it by a preponderance of the evidence. Mitchell v. National Surety Corporation, La.App., 149 So.2d 213. The defendant insurance company has not carried this burden in the instant case. Therefore, we are constrained to find that Mrs. Josephine Foggin was guilty of no contributory negligence barring her recovery of any damages suffered.

Because of our findings supra, it now becomes necessary to determine the extent of the injuries suffered by Mrs. Josephine Foggin and the quantum to which she is entitled. The record is inconclusive and does not contain sufficient evidence for such a determination by us. Remand must, therefore, be decreed in this matter.

For the reasons assigned, the judgment of the Court of Appeal, Second Circuit, is reversed and set aside, and the cause is remanded to the district court for further proceedings according to law and consistent with the views hereinabove expressed. Costs in this Court are to be borne by defendant, General Guaranty Insurance Company. All other costs to await the final determination of this cause.