207 So.2d 176 (1967)
Josephine H. and James F. FOGGIN, Plaintiffs-Appellants,
v.
GENERAL GUARANTY INSURANCE COMPANY, Defendant-Appellee.
No. 10875.
Court of Appeal of Louisiana, Second Circuit.
September 25, 1967.
On Rehearing January 11, 1968.
Rehearing Denied February 5, 1968.
Writ Refused March 25, 1968.
Booth, Lockard, Jack, Pleasant & LeSage, Shreveport, for appellants.
Bodenheimer & Jones, Shreveport, for appellee.
Before AYRES, BOLIN and BARHAM, JJ.
BARHAM, Judge.
This Court previously sustained a lower court judgment in this matter, dismissing plaintiff's suit. (186 So.2d 665). The Supreme Court granted writs and in an opinion rendered March 7, 1967 (250 La. 347, 195 So.2d 636), reversed the appellate court and the lower court with the finding that plaintiff had proved liability and remanded the matter to the lower court in the following language:
"Because of our findings supra, it now becomes necessary to determine the extent of the injuries suffered by Mrs. Josephine Foggin and the quantum to which she is entitled. The record is inclusive and does not contain sufficient evidence for such a determination by us. Remand must, therefore, be decreed in this matter.
"For the reasons assigned, the judgment of the Court of Appeal, Second Circuit, is reversed and set aside, and the cause is remanded to the district court for further proceedings according to law and consistent with the views hereinabove expressed." (Italics by Court)
The matter was re-submitted in the lower court by plaintiff without any further evidence and judgment was granted upon the original record, awarding $1,000.00 to Mrs. Josephine Foggin for pain and suffering and $620.00 to her husband, James F. Foggin, as special damages. From the judgment thus rendered plaintiff appealed.
Mrs. Foggin was injured on December 26, 1964, when she tripped and fell on the premises of her son. Three days later she was placed in the hospital by Dr. Ray King *177 for acute sprain of the lumbosacral region and contusion of the knee. She was placed in pelvic traction and given some heat therapy. Medication was given her for pain, as a tranquilizer or sedative, and to relax the muscles.
She was in the hospital thirty days, but it is the testimony of Dr. King that less than two weeks of this period of time would have been attributed to the accidental injury. While in the hospital she was treated for cholecystitis and a hiatus hernia, but neither of these complications resulted from the injury complained of. She was released from the hospital January 29, 1965, and was discharged from medical care for light work on March 18, 1965.
Plaintiff's testimony is that she could not do the same work she had previously been engaged in. She was by trade a "nursesitter", or practical nurse, and had earned $35.00 per week prior to the accident. Plaintiff resumed employment in March for three days each week and earned $19.00 per week until October when she began receiving $24.00 per week for the three days' work.
After Dr. King had discharged the plaintiff in March he saw her again on May 25, 1965, when she complained principally of discomfort and pain about the knee. He last saw her August 9, 1965, when she similarly complained of pain in the region of the knee. It is to be noted that the defendant's doctor, Dr. Willis Taylor, saw plaintiff two days later and it is assumed and concluded by the Court that the August 9th visit to Dr. King was in preparation for trial, since it was followed immediately by Dr. Taylor's examination.
Plaintiff had a long history of disc herniation of the fifth lumbar vertebra. Plaintiff had been hospitalized and treated on a number of occasions from 1956 until 1962 for lower back sprains and with the diagnosis of a degenerated lumbosacral disc with pressure on the first sacral nerve. The complaints and treatments on these occasions were similar to those resulting from the injury of December, 1964.
Plaintiff has proved the injury diagnosed as an acute lumbar sprain and contusion of the knee. Since less than two weeks of hospitalization can be attributed to this injury, plaintiff has failed to prove that all portions of the hospital bill, which totaled $873.66, should be assessed defendant. Neither Dr. Brown nor Dr. Hall may be compensated for treating plaintiff for the accident and the bill submitted by Dr. King was for only $18.00. Pharmaceutical bills were presented in Court over the objection of defendant, because they were not identified as being medication needed for the accidental injury as opposed to medication for the cholecystitis, and their evidential value is suspect.
Plaintiff's testimony is sparse in referring to pain and suffering. Her testimony is in the nature of conclusion and opinion as to her inability to do work of the same character she carried on before. She was seen only once for any kind of treatment after March 18, 1965, and before the trial on November 30, 1965. The bills from Medic Pharmacy and Smith Malloy Drug Company for any medication, whether for injury or illness, ceased on June 2, 1965, and there is no proof, other than one statement by plaintiff, whether medication was necessary after that date.
Plaintiff is charged with the burden of proving each and every element of damage. In the instant case we are not favored with an opinion from the lower court and an itemization of the award of $620.00 for special damages. Plaintiff had previously received $500.00 from the defendant for medical expenses and defendant is entitled to that credit. The trial court has made an additional award of $620.00, for a total of $1,120.00 special damages. This Court is not able to determine the amount of the award which is assessed for loss of wages and that which is attributed to medical care.
*178 Plaintiff is entitled to an award for at least two months total wages. This Court is not persuaded that plaintiff was disabled to return to full-time work as of August, 1965. The medical conclusions by both Dr. Taylor and Dr. King in August were based upon her subjective complaints. Dr. Taylor's testimony was that there was no disability remaining. This Court concludes that the award for special damages should not be disturbed as being arbitrary or less than proven damages. We have concluded that the lower court intended to make a total award of $1,120.00 and that the judgment for $620.00 was in addition to the $500.00 previously paid by defendant.
A motion for substitution of parties because of the decease of J. F. Foggin while this appeal was pending requires us to substitute as parties entitled to the special damage award, Howard F. Foggin, Roger L. Foggin and Mrs. Josephine H. Foggin.
The District Court, with the advantage of personal observation of the witnesses, made the additional award of $1,000.00 for pain and suffering, which is not an abuse of its discretion.
For the reasons set forth the judgment appealed from is affirmed at appellant's cost.

On Rehearing
AYRES, Judge.
A rehearing was granted to afford an opportunity for a reconsideration of the award of damages for the injuries sustained by Mrs. Foggin. Mrs. Foggin sustained accidental injuries when she fell Christmas night, 1964, over a plank nailed across a gateway at her son's residence. She injured her back and a knee. The former was long a source of medical difficulty. Following the accident she sought medical attention from Dr. Ray E. King, an orthopedist, and entered a hospital December 29, 1964, where she remained until January 29, 1965.
Concerned in a determination of an award are the nature of the injuries to Mrs. Foggin's back and knee, the extent of her disability, and the duration of pain and discomfort resulting from the injuries. Though Mrs. Foggin was hospitalized for a period of 31 days, it could not be determined definitely by her physician the period of hospitalization that would have resulted because of the accidental injuries in view of preexisting dormant conditions. Dr. King estimated that the accidental injuries, in the absence of any previous conditions, would have necessitated at least two weeks' hospitalization.
While undergoing hospitalization Mrs. Foggin received heat therapy twice daily and remained in pelvic traction. Significant pain was experienced requiring muscle relaxants, sedation, as well as a tranquilizing drug. Her knee was placed in an elastic bandage. Irrespective of her existing difficulties, the accident caused the injury necessitating her hospitalization. Hospitalization would not have been indicated without the injuries produced by the fall.
Mrs. Foggin had experienced prior disc difficulty; at the time of the accident a ruptured vertebral disc was in an apparent state of remission. There also existed a displaced vertebra, a condition described as a spondylolisthesis. These conditions become important because they tend to facilitate injury and retard recovery. Mrs. Foggin had been treated by Dr. Gene Caldwell and Dr. King for several years because of the condition of her back. However, she had not been so treated since 1962. This fact and the fact Mrs. Foggin had been engaged in nursing, an employment requiring more than average activity, indicate that her back was functionally good. Dr. King, from having observed Mrs. Foggin's work as a nurse at the hospital, expressed the opinion that her back would have had to be in fair condition in order for her to pursue that character of work. Of a corroborating nature is the testimony of Mrs. John Scaife, who stated that Mrs. Foggin nursed her husband, a large *179 man, without complaint of difficulty or indication of disability. These activities were characterized by Dr. Willis J. Taylor as rather heavy for a person of Mrs. Foggin's age and he expressed the opinion that, if she could perform the activities described by Dr. King and Mrs. Scaife, her former difficulties were problems probably well solved.
After her injuries, Mrs. Foggin remained disabled. It was noted that osteoarthritis would retard her recovery. Her knee continued to be a source of much difficulty arising from the original trauma or from referred pain in the back. Though Mrs. Foggin endeavored to resume her duties as a nurse, she was unable to continue the activities required by that profession. In August, 1965, Dr. King found plaintiff continuing to suffer pain and discomfort, but was of the opinion that the pain would gradually subside.
Many factors are to be considered in a determination of the award. As heretofore pointed out, Mrs. Foggin sustained a sprained back and injury to a knee which required hospitalization. She was hospitalized for a month, two weeks of which was medically attributable to the injuries sustained in the accident. Treatment in the hospital included placement in pelvic traction. After discharge from the hospital, Mrs. Foggin remained immobilized at home for a period of several weeks. Pain, discomfort, and disability continued for more than eight months following the accident. She had not completely recovered at the time of trial ten months after the accident. The consensus was that she could not continue with heavy nursing duties such as she performed before the accident.
Defendant contends, first, that under the evidence plaintiff has not established her entitlement to recover any damages and, second, that the award of $1,000 made by the trial court is, in any event, adequate. This contention is predicated upon an expression by the Supreme Court, in remanding this cause to the trial court for a determination of the award, wherein it was stated:
"The record is inconclusive and does not contain sufficient evidence for such a determination by us." 250 La. 347, 195 So.2d 636, 642 (1967).
In this regard it is pointed out that on the remand the question of damages was again submitted on the original record and therefore without the introduction of any additional testimony. As we view the record in light of the court's expression, we are of the opinion the court concluded that the record did not possibly reflect to the full extent the factors upon which an award in plaintiffs' favor should be granted. However, from our reexamination of the record, we are convinced that the evidence justifies the award which we have determined to make. From the injuries sustained, pain and suffering endured, the aggravation of preexisting conditions such as a herniated disc, spondylolisthesis, and an arthritic condition, resulting in prolonged recovery, we are of the opinion that an award of $5,000 is proper.
For the reasons assigned, the judgment appealed is amended by increasing the award of damages in favor of Mrs. Josephine H. Foggin to the sum of $5,000 and, as thus amended, it is affirmed at defendant-appellee's costs.
Amended and affirmed.
BARHAM, J., dissents with written reasons.
BARHAM, Judge, dissenting:
I disagree with the opinion rendered herein and assign as reasons the original opinion and these additional comments. The plaintiff herein had the misfortune of suffering an injury and an illness almost simultaneously. On the trial of the case she failed to distinguish the pain and suffering as well as the medical and pharmaceutical bills which should be attributed to each. The record is devoid of much which is not only desirable but necessary for a *180 proper assessment of damages herein. The defendant has no obligation to come forth with proof to sustain plaintiff's allegations of damage. When plaintiff refuses to offer that proof which is peculiarly within her knowledge, it is to be presumed that if such proof were offered it would gainsay her. When plaintiff fails to produce the available evidence required to discharge a burden of proof, it is a proper inference that that evidence would be negative to her claim if produced.
The Court cannot supply the record upon which it makes its decision, but it can only apply the law to the record before it. Feelings, emotions, assumptions cannot supplant evidence. As long as we subscribe to and support the adversary system of law, we must require litigants to comply with the evidentiary rules for proof in the record to support their allegations.
I respectfully dissent.