BAILES, Judge.
In this tort action plaintiff brought suit to recover damages for personal injuries he sustained while in the home of his father-in-law. The defendant is The Northern Assurance Company of America, the comprehensive personal liability insurer of the father-in-law, Mr. Allen J. LeBlanc. From a judgment denying his demands, the plaintiff appealed.
The undisputed facts are these: On May 23, 1965, plaintiff. was engaged in covering the cabinets in the kitchen of his home with a laminated plastic product, in this case called formica. Plaintiffs father-in-law, Mr. Allen J. LeBlanc, in the course of a visit, suggested that the task of cutting the formica to the required sizes could be accomplished more rapidly with a table mounted power saw located in his home. The invitation was accepted and while discussing a trial cut which LeBanc had made with the saw, plaintiff, in putting the piece of formica on the saw table, touched the rotating blades of a small router mounted to the left of the large circular blade on which the original cut had been made. Plaintiff’s hand was severely injured. This suit for damages was instituted against LeBlanc’s liability insurer claiming both general and special damages for his injuries.
At the conclusion of the trial, the court made the observation that although Mr. LeBlanc could be found guilty of negligence in not warning the plaintiff of the small and dangerous blade plaintiff failed to exercise the care required of him and, as such, was guilty of negligence directly contributing to the cause of the accident. While we agree with the finding of negligence on the part of Mr. LeBlanc, we cannot sustain the finding of contributory negligence on the part of the plaintiff. Accordingly, the judgment of the trial court must be reversed and judgment rendered in favor of plaintiff.
While on the LeBlanc premises plaintiff enjoyed the status of invitee. He was expressly invited to enter the LeBlanc home where Mr. LeBlanc made use of the table mounted power saw. Although plaintiff’s entry cannot be construed as economically beneficial to Mr. LeBlanc, there existed between them a mutuality of interest sufficient to entitle plaintiff to the duty of care owed an invitee. See, Alexander v. General Accident Fire and Life Assurance Corp., La.App., 98 So.2d 730; Pampas v. Cambridge Mutual Fire Insurance Co., La.App., 169 So.2d 200, writ refused 247 La. 344, 170 So.2d 865.
Our Supreme Court has adopted the following definitions of this duty of care:
“Mrs. Catherine Foggin [the property owner] was not an insurer of her mother-in-law [the invitee] against the possibility of accident. Daire v. Southern Farm Bureau Casualty Ins. Co., La.App., 143 So.2d 389. ‘ * * * the duty owed is that of reasonable and ordinary care, which includes the prior discovery of reasonably discoverable conditions of the premises that may be unreasonably dangerous, and the correction thereof or a warning to the invitee of the danger.’ Alexander v. General Accident Fire and Life Assurance Corp., La.App., 98 So.2d 730. ‘The owner, occupant, or person in charge of property owes to an invitee * * * the duty of exercising reasonable or ordinary care for his safety and is liable for injury resulting from breach of such duty. This duty includes that of exercising reasonable care to keep the premises in a reasonably safe and suitable condition or of warning invitees * * * of hidden or concealed perils of which he knows or should know in the exercise of reasonable care, so that those whom he has invited to enter upon or use his property shall not be unnecessarily or unreasonably exposed to danger. * * * ’ Savell v. Foster, 149 So.2d 210. (Emphasis ours.)” Foggin v. General Guaranty Insurance Company, 250 La. 347, 195 So.2d 636, 641.
*70 Inasmuch as Mr. LeBlanc expressly invited plaintiff to enter his property where he, LeBlanc, was to operate the saw and to make certain cuts of the formica for plaintiff, Mr. LeBlanc was burdened with the duty of warning plaintiff of any concealed peril or danger which the saw presented and which was not observable by plaintiff in the exercise of reasonable care.
At this point a description of the power saw is in order. It was introduced into evidence and operated before us at the time of argument. A shop or home made device, the machine consisted of an electric motor, two V-type pulleys, a belt, a shaft or mandrel, a stand consisting of frame work and four legs, and a table top. On the right end of the mandrel the saw was mounted, and on the left end the router head was affixed. In the middle of the mandrel a pulley was attached. On the end of the electric motor shaft the other pulley was secured. Power from the electric motor was transmitted to the mandrel fittings by means of a fabric belt connecting the two pulleys. This assembly was mounted under the top of the stand or table, the top of which was about 24 inches wide and approximately 30 inches long. Channels or slots were cut through the table top to allow the saw and the blades of the router head, mounted vertically underneath, to extend above the horizontal of the table top to appropriate heights. The slot for the route head was approximately one inch wide by four inches long and the blades of the router head extended approximately one-fourth inch above the table top as each of the three blades reached a topmost position. Two movable or adjustable guides or fences, each about five inches tall extending the length of the table, were attached to the table top to aid in achieving cuts or grooves of pre-set dimensions.
Our observation of the machine in operation revealed that the presence of the dangerous router was undetectable. Due to the speed at which the router head revolved it was completely invisible and the noise of the saw blade and motor made its audible detection impossible. In addition, the guides, though we do not know their exact position at the time of the accident, concealed the routing blade channel to varying degrees depending on the relative positions of the guides and the viewer.
Even assuming plaintiff’s familiarity with machinery of a similar nature (it being admitted by Mr. LeBlanc that plaintiff had never operated this particular machine and at most had seen it in operation only two times) Mr. LeBlanc, by inviting plaintiff onto his premises and being aware of his presence in the immediate vicinity of the dangerous machine, assumed the duty of warning of the perilous nature of the obscure routing device. No such warning was given. This breach of duty constitutes actionable negligence.
On the other hand, we can find no negligence on the part of the plaintiff, who was also burdened with a duty of care which if breached could amount to negligence of a quality sufficient to bar his recovery. The duty an invitee must discharge consists in exercising ordinary care and prudence in discovering dangers discoverable through the exercise of reasonable care and to avoid those dangers as well known or observable to him as to his invitor. Foggin v. General Guaranty Insurance Company, supra; Alexander v. General Accident Fire and Life Assurance Corp., supra.
From the testimony of the two witnesses, plaintiff and Mr. LeBlanc, it appears that a trial cut was made on a small piece of formica, one and one half to two inches wide and eighteen inches long. Plaintiff was standing to the right of Mr. LeBlanc who actually operated the machine. After the cut was made the formica strip was handed to plaintiff and a discussion ensued about the method to use to prevent *71 chips or cracks on the edge of the finished product. During this time, plaintiff walked behind Mr. LeBlanc and coming from behind to his left side and there reached out to place the formica strip on the saw table. As he did his right hand came in contact with the invisible router. In this action we can find no failure to exercise due care. The existing danger was neither known to plaintiff, by warning or experience, nor was it reasonably discoverable by sight or sound. In finding contributory negligence on the part of the plaintiff the trial court was manifestly in error and must be reversed.
There remains only the question of the injuries plaintiff sustained. There is ample evidence to support a finding of loss of wages of $120.00 per week ($3.00 per hour for 40 hours per week) for five and one-half weeks or $660.00. Plaintiff also seeks awards for pain, suffering and mental anguish and disability, impairment of use and loss of members of his right hand. The testimony reveals that the small and ring fingers on plaintiff’s right hand were mangled and partially cut off; his middle finger was cut and bruised; and, the nail of the index finger was lifted completely up. For these injuries plaintiff was hospitalized for 7 days; his little finger was splinted for three or four weeks and remained sensitive to contact at the time of the trial. Due to the injuries plaintiff lost the use of two of the fingers of his right hand. We feel an award of $3,000 is reasonable and adequate.
Accordingly, the judgment of the trial court is reversed and set aside and judgment is rendered herein in favor of the plaintiff, Emile J. Champagne, and against the defendant, The Northern Assurance Company of America, in the sum of $3,-660, with legal interest from the date of judicial demand until paid. All costs to be paid by defendant-appellee.
Reversed and rendered.