HALL, Judge.
This is an action for damages arising out of an accident in which plaintiff’s four year old son, Benjamin Sparks, cut his left hand when the glass in the front door of King’s Variety Store gave way or broke while Benjie was pushing on the glass of the door in an effort to exit the store. Defendants are Joe B. King, Jr., operator of the store and lessee of the building in which it is located; American Mutual Liability Insurance Company, King’s liability *655 insurer; and Lee T. Popejoy, Sr., owner of the building in which the store is located.
All defendants answered denying liability and alternatively pleading the contributory negligence of the child’s mother in bar of recovery for medical expenses. King and his insurer filed a third party demand against Popejoy for indemnification of any judgment for which they are cast.
From a judgment rejecting plaintiff’s demands and accordingly rejecting the third party demands, plaintiff and third party plaintiffs appealed. We affirm the judgment of the district court.
Defendant, King, operates a variety store in the Summer Grove area of Shreveport, selling gift wares, crystal, greeting cards, sewing notions, toys and some hardware. There is a post office facility in the store.
The building in which the store is located is owned by defendant, Popejoy. The store premises were leased by King from a former owner under a written lease agreement. The lease does not contain a clause whereby the lessee assumes responsibility for the condition of the premises under R. S. 9:3221. In fact, the lease provides that the lessor is obligated to maintain the premises in good condition and to promptly make repairs as needed to correct all structural and other failures including heaters, lighting fixtures, glass, sidewalks, parking area surfaces and roof or other causes of leakage.
On August 10, 1971, Mrs. Sparks, accompanied by her four year old son, Ben-jie, and her young daughter, came into the store to purchase a postal money order. While Mrs. Sparks was buying the money order, the children went to other parts of the store, particularly, the toy department. When Mrs. Sparks got ready to leave she called to the children and the daughter went on outside. Mrs. Sparks testified Benjie skipped toward the door and she called him because she was afraid he would run out into the street. She testi-. fied he stopped, turned toward her, then turned around and walked to the door and pushed with both hands against the lower portion of the glass door. The glass broke and Benjie’s hands went through the door resulting in a severe cut to his left hand. Mrs. Sparks testified Benjie was not running when he pushed on the door.
Several employees of the store testified Benjie was a very active child and was running in the store shortly before the accident. One clerk testified she saw Benjie running toward the front of the store as the Sparks were leaving and a few seconds later the accident happened. Although Benjie went out-of the clerk’s sight before coming into contact with the door, she continued to hear the sound of running footsteps up to the time the accident happened.
The evidence as to whether Benjie was running is conflicting and inconclusive. The trial judge made no finding of fact on this factual issue as it was unnecessary for him to do so in view of the reasons expressed by him in denying liability.
The front door of the store is made of polished plate glass of one-fourth inch thickness with an aluminum frame around the outer edge of the glass. The door has horizontal metal handles or push bars extending across the front and back of the door located about midway between the top and bottom of the door. The door swings both inward and outward. It meets the requirements of the Shreveport Building Code and is of a type in wide use in stores and commercial establishments throughout the area. The evidence is clear that the door operated properly and easily for several years and that it had no apparent cracks, scratches or other defects. It was cleaned and observed by store employees regularly. Although Mrs. Sparks testified the door was difficult to open, the clear preponderance of the evidence is to the contrary.
As a basis for recovery, plaintiff contends defendants were negligent and are *656 liable under the general tort liability articles of the Louisiana Civil Code — Arts. 2315 and 2316. Specifically, plaintiff contends defendants were negligent in providing and maintaining a glass door which would break under the pressure of a small child’s hands and in failing to provide a push bar at a lower level on the door for use by small children. Defendants contend plaintiff has failed to prove any fault or negligence on their part in that the door is one which meets the standards of the building code and is in wide use in commercial establishments and there is no evidence the door was defective in any manner.
The district court, in a1 written opinion, found that plaintiff failed to prove any defect with regard to the door or glass and failed to show it could be reasonably anticipated or expected that injury would result to any person using ordinary care. The district court held the case is governed by the general tort liability articles of the Civil Code and the burden of proving negligence or fault rests with plaintiff. The court further held that LSA-Civil Code Art. 2322 has no application to this case.
The duty under Arts. 2315 and 2316 owed by the owner, occupant or person in charge of property to an invitee is well stated in Brown v. State Farm Fire & Casualty Company, 252 So.2d 909 (La.App.2d Cir. 1971):
“ * * * To the invitee the duty owed is that of reasonable and ordinary care, which includes the prior discover of reasonably discoverable conditions of the premises that may be unreasonably dangerous, and correction thereof or a warning to the invitee of the danger. Foggin v. General Guaranty Insurance Company, 250 La. 347, 195 So.2d 636, 641 (1967); Alexander v. General Accident Fire & L. Assur. Corp., 98 So.2d 730 (La.App., 1st Cir. 1957—cert. denied). And, as was held in Saveli v. Foster, 149 So.2d 210 (La.App., 2d Cir. 1963—cert. denied), the duty of an owner, occupant, or person in charge of property toward an invitee includes the exercise of reasonable care to keep the premises in a reasonably safe and suitable condition or of warning the invitee of hidden or concealed perils of which he knows or should know in the exercise of reasonable care, so that those whom he has invited to enter upon or use the property shall not be unnecessarily or unreasonably exposed to danger.”
The facts of this case do not support a finding of negligence on the part of either the owner of the building or the lessee. The door of the store was of standard design in wide use in commercial establishments. It met the requirements of the building code. It worked properly and had no cracks or other apparent defects. According to an expert witness who testified, the door would not be expected to break under ordinary use by a child. There was no reason for the defendants to expect the door might break. There was no knowledge on their part of any problem or danger connected with the door.
Although the evidence shows that- lower bars are used in some stores, the evidence also shows that the purpose ot such bars is to prevent contact by grocery buggies or carts in stores which use such implements. They are not customarily provided for use by children and it was not demonstrated that the lower bar would have prevented the accident in this case.
There was no negligence on the part of either the owner or the lessee. Thus, there can be no liability unless there is strict liability on the part of the owner, that is, liability without negligence under LSA — Civil Code Art. 2322 which provides:
“The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction.”
Plaintiff does not urge the applicability of Article 2322 and the district *657 court held it inapplicable. Under the holding of Davis v. Royal-Globe Insurance Companies, 257 La. 523, 242 So.2d 839 (1970), in order for the article to be applicable there must be a collapse or fall or breaking or giving way of a more or less substantial component of the building. The breaking or giving way of the front door in this case might meet these criteria. However, the ruin must be the result of a failure to repair or a vice in the original construction and it was not proved in this instance that the breaking was due to such causes. Here, there is no evidence that a defect or condition existed which called for repairs or that there was any vice in the original construction of the door. The fact of the accident itself does not give rise to an inference that the door was defective. Res ipsa loquitur is not urged and does not apply. See Bauer v. Columbia Casualty Company, 126 So.2d 398 (La.App. 2d Cir. 1960). Plaintiff is not entitled to recover under Article 2322.
For the reasons assigned, the judgment of the district court is affirmed at the costs of plaintiff-appellant.
Affirmed.