JjNORRIS, Chief Judge.
Plaintiff Melba Barr appeals a summary judgment dismissing her tort claim on behalf of her minor child, Danna Jordan. For the reasons assigned below, we affirm.

Facts

On the night of November 7, 1998, Ashley Yeldell, a minor, was driving north on Swartz Fairbanks Highway with her friend Danna Jordan, when she began a left turn onto a private road. At that time, a car driven by Tanya Jacobson, following behind the Yeldell vehicle, had either begun or was beginning a passing maneuver, and entered the left-hand lane. Though the exact sequence of these two events is not perfectly clear, the two vehicles collided.
The Yeldell vehicle stopped in the roadway, while the Jacobson vehicle came to rest in a ditch off the left side of the road. Jordan was not injured in the collision, and went over to the Jacobson vehicle to see if anyone needed assistance. Jordan asked the driver of the Jacobson vehicle whether she was hurt. The driver’s response was, “I don’t know yet.” Jordan then went back to the Yeldell vehicle to see if anyone had used the cell phone to report the *1246 accident. Once she had confirmed that the authorities had been contacted, she began going to the Jacobson car for a second time. It was during this second trip to the Jacobson vehicle that Jordan stepped into a hole near the ditch and injured her ankle.
On January 20, 1999, Melba Barr, individually and on behalf of Jordan, filed the instant petition seeking damages for the injuries sustained by Jordan. Named as defendants were William and Anita Jacobson (parents Lof Tanya Jacobson); their insurer, State Farm Mutual Automobile Insurance Company; Lester and Dorothy Ray (parents of Ashley Yeldell); and, their insurer, State Farm Mutual Automobile Insurance Company. According to plaintiffs, the accident was caused by the defendants’ negligence, in failing to keep a proper lookout and to maintain proper control.
After learning that Jordan did not receive her injuries during the automobile accident, but by stepping into a hole off of the roadway some time after it, all defendants filed motions for summary judgment which were granted. Plaintiff appeals, claiming the trial court erred in granting summary judgment in favor of defendants.

Discussion

Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action, except those disallowed by law; the procedure is favored and must be construed to accomplish these ends. La. C.C.P. art. 966 A(2). After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted. La. C.C.P. art. 966 C(l). Appellate review of summary judgment is de novo, utilizing the same criteria that guide the trial court’s grant of the judgment. Steed v. St. Paul’s United Methodist Church, 31,521, 31,522 (La.App. 2 Cir. 2/24/99), 728 So.2d 931, writ denied, 99-0877 (La.5/7/99), 740 So.2d 1290.
To prevail in a negligence claim under La.C.C. art. 2315, plaintiffs must prove each of five separate elements: (1) defendants had a duty to conform then-conduct to a specific standard; (2) defendants failed to ^conform their conduct to the appropriate standard; (3) defendants’ substandard conduct was a cause-in-fact of plaintiffs injuries; (4) defendants’ substandard conduct was a legal cause of plaintiffs injuries; and (5) actual damages. Roberts v. Benoit, 605 So.2d 1032, 1051 (La.1992), on rehearing, citing Fowler v. Roberts, 556 So.2d 1 (La.1989).
This case turns upon whether the automobile collision at issue was the legal cause of the plaintiffs injuries. Although fact sensitive, legal cause is a question of law, and ultimately turns on a question of policy as to how far afield coverage should be extended. Id. at 1052. Every negligence case must be decided on its own facts and circumstances. Id. at 1055, citing Foggin v. General Guaranty Ins. Co., 250 La. 347, 195 So.2d 636, 640 (1967). Hence it is essential to keep the facts of this case clear. Id.
The essence of legal cause is whether the risk and harm encountered by the plaintiff falls within the scope of protection of the duty. Dixie Drive It Yourself System New Orleans Co. v. American Beverage Co., 242 La..471, 137 So.2d 298, 304 (La.1962). Specifically, it involves a determination of whether the duty was designed, at least in part, to afford protection to the class of claimants of which plaintiff is a member from the hazard she encountered. Id.
Applied to the facts of this case, the critical question becomes, “Was the defendants’ duty, to use reasonable care in the operation and control of their vehicles, *1247 designed to protect a passenger in one of the involved vehicles from stepping in a hole off of the roadway,and injuring herself as she walked a second time to observe the other vehicle involved?”
Jordan stated in her deposition, that at the time that she began her 14second trip to the Jacobson vehicle, she had seen that the occupants of the vehicle were being tended to by adults already on the scene. She stated that she started back to the Jacobson vehicle the second time either to watch the adults on the scene give aid, or to just observe the car because she was curious and had “never been in a wreck before.”
Defendants had a duty to use reasonable care in the operation and control of their vehicles. Brown v. Louisiana Indemnity Co., 97-1344 (La.03/04/98), 707 So.2d 1240. Within the scope of that duty is the risk that a guest passenger might be injured during a collision. Brown, supra; Molbert v. Toepfer, 550 So.2d 183 (La.1989).
In the instant case, however, Jordan was not injured in the automobile accident, but six or seven minutes afterwards. Plaintiffs contend that defendants’ duty encompassed the risk of injury sustained by Jordan in going over not once, but twice, to visit and observe the occupants of the Jacobson vehicle. Defendants assert, and the trial court found, that Jordan’s injury could not be easily associated with the accident and was outside of the scope of defendants’ duty of protection, and, therefore, that defendants are not liable in negligence for Jordan’s injuries.
We recognize one appellate decision which has found that an automobile collision can be the cause in fact of a passenger’s injuries sustained after exiting the vehicle. Minvielle v. Lewis, 610 So.2d 942 (La.App. 1 Cir.1992). However, after a close reading of the Minvielle case, it appears that the court found liability utilizing a cause in fact or “but for” analysis. The court did not clearly address legal causation, and undertook neither an “ease of association” nor a “scope of the duty” analysis. | ¡¿Furthermore, Minvielle is distinguishable on the facts from the instant case. For these reasons, we find the Minvielle court’s analysis unpersuasive as a full application of all five of the factors for a successful negligence claim as set forth by the Louisiana Supreme Court in Roberts, supra.
It seems clear that the duty of reasonable care in the operation of motor vehicles was not designed to protect automobile passengers involved in an accident from all conceivable harms. We find that the danger of stepping into holes located off of the roadway while embarking on a second trip to observe other vehicles or persons involved, out of curiosity or personal interest, six or seven minutes after the accident, is simply not within the scope of this duty. This instance of curious on-looking does not fall within the scope of the risk of an automobile accident; Jordan has not shown that her second trip to the stranded car was anything other than a matter .of personal interest.[1]
Based on the summary judgment evidence in this case, the risk of harm which the plaintiff encountered was simply not within the scope of the protection afforded by the duty which the defendants allegedly breached. Plaintiff has not adduced sufficient evidence to establish that there is any genuine issue of material fact; defen *1248 dant is entitled to judgment as a matter of law. We find the essential element of legal causation lacking in this case, and affirm the trial court’s summary judgment.
| (¡Conclusion
For the reasons set forth above, we affirm the summary judgment at the appellant’s costs.
AFFIRMED.
BROWN, J., dissents with written reasons.

. Compare with the other cases denying liability on the basis of a lack of legal causation: Fowler v. Roberts, 556 So.2d 1 (La.1989) (man locked outside on balcony); Holloway v. Midland Risk Ins. Co., 33,026 (La.App. 2nd Cir.5/15/00), 759 So.2d 309 (firefighter injured by defective equipment while helping person in wrecked vehicle); Carter v. Smith, 607 So.2d 6 (La.App. 2nd Cir.1992) (driver loses job after auto accident).