McBRIDE, Judge.
In this tort action plaintiff is endeavoring to recover damages for personal injuries; he appeals from a judgment dismissing his suit.
Plaintiff, a 360 pound, 6' 1½" Negro man, alleges that on November 10, 1962, while lawfully upon the premises of a restaurant operated by two of the defendants (the third defendant is their liability insurer), located at the intersection of Highways 90 and 11 in the City of New Orleans, he sustained a fall which he alleges is attributable to the circumstance that the premises were cluttered with garbage cans and a large electric freezer and were poorly lighted.
The testimony shows that plaintiff, accompanied by two companions, endeavored to reach the rear service window of the restaurant to purchase food and drinks. There is a concrete walkway leading to the service window and the three walked thereon for a short distance and then had to step from the concrete and walk upon a shelled surface because there were certain objects, such as the garbage cans and a freezer, situated in their path.
When plaintiff attempted to return to the paved walkway after bypassing the objects he fell and unquestionably sustained physical injuries. It is argued on his behalf that the premises were unsafe due to poor lighting and the presence of the above mentioned objects on the concrete walkway. The trial judge found as a fact that the premises were sufficiently illuminated and we agree heartily with that finding of fact as plaintiff himself stated: “Yes, I could see”. The only thing which could be said *921 to be unusual about the premises is that the concrete walkway rises about four inches higher than the shélled surface.
It is too well settled in this state to require the citation of authorities that a proprietor or storekeeper is not the insurer of the safety of his patrons and need not keep his premises in a perfect condition, but is only held to the duty of exercising ordinary care and prudence to keep them in a reasonable safe condition for use in a manner consistent with their purposes.
However, assuming for the purpose of discussion (but not deciding) that the presence of the objects on the walkway and the disparity in height as between it and the shelled surface did render the premises unsafe, still plaintiff has dismally failed to make out a case against the defendants. Whenever one seeks to recover damages for injuries sustained by him on the premises, it is incumbent upon him to prove his case in tort with certainty by a preponderance of the evidence. In order to be successful in this action the burden was upon plaintiff to show with legal certainty, not only that the premises were defective in some respect or other as alleged, but that such defect was the cause of or contributed to his injuries. Dunn v. Tedesco, 235 La. 679, 105 So.2d 264, 84 A.L.R.2d 1184; Allen v. Honeycutt, La.App., 171 So.2d 770.
The only eyewitnesses to the accident were the plaintiff and the two persons who were with him. All three testified as witnesses but none of them could state with any reasonable degree of certainty what was the cause of plaintiff’s accident.
Plaintiff’s testimony appears in the record thus:
“A. * * * As we got to the back we walked around to the side, I stepped upon the curb and the next thing I know I was on the ground.
* * * Hí * *
“A. Well, it was a sidewalk. Soon as I put my foot down I twisted it and something happened and I fell.
******
“Q. And you went around to the back and fell, is that correct?
“A. That’s correct.
******
“Q. What caused you to fall?
“A. I don’t know.
******
“A. I walked back in the back, was in a hurry, walked back in the back and seemed like to me I stepped up on the step going back in the.back, it was like a step off like this here stepping on down onto the ground.
******
“A. I came down, it was some stuff, bottles back there and I stepped off down off the concrete to keep from walking into the debris and when I stepped back that’s when I slipped and fell.
:fc *****
“Q. There was nothing on the spot on that concrete where you were stepping that caused you to fall, was there?
“A. I don’t know.
* * * * SK He
“Q. Mr. Turner, when you slipped and fell or whatever you did, were you stepping up or stepping down?
“A. Must have been stepping up.
“Q. Do you know what you were doing ?
“A. I was walking.
“Q. Do you know whether you were stepping up or stepping down?
“A. I was stepping up, I guess.”
The testimony of the other two eyewitnesses is just as vague and uncertain.
Raymond Boutte testified: '
“Q. And you all were walking behind him?
“A. Yes, sir, and Mr. Turner got back there, they had sidewalk and I guess he must have missed his balance.
*922 * *****
“Q. You were walking behind Mr. Turner and then what happened?
“A. And Mr. Turner missed his step, * * *
******
“Q. Once he got to the back he walked on shells until he took a step to go up and then he lost his balance or footing?
“A. Right.
* * * * * *
“Q. And in truth and in fact you have no idea what caused this man to fall, is that true and correct?
“A. Yes.
“Q. I don’t want any guesses, as far as your knowledge.
“A. As far as my knowledge.
* * * * * *
“Q. Is it not a fact that in the back you three walked along on shells until he came to the point that you have identified and he went to step up and he lost his balance ?
“A. Right.”
Lawrence Velesquez stated:
“Q. You don’t know what made him fall?
“A. No, I don’t.
* * * * * *
“Q. And you don’t know what caused him to fall?
“A. No.”
Counsel for plaintiff during oral argument contended that plaintiff fell because he was tripped by the raised walkway when he stepped from the shelled surface. We have carefully searched the record and find no testimony to that effect. The only pertinent evidence relating to the fall emanated from the three eyewitnesses and is as quoted above. Foggin v. General Guaranty Insurance Co., La., 195 So.2d 636, cited by plaintiff’s counsel, is not at all pertinent to the case before us. There the plaintiff proved she tripped and fell as the result of walking directly into a dark-colored board, not visible in the existing light, which impeded her passage through a gateway.
In view of our conclusion that plaintiff has not proven that his injuries were occasioned as the result of any defect in, or because of the condition of the premises it is unnecessary to pass upon defendants’ alternative plea of contributory negligence.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.