REID, Judge.
Plaintiff, Mrs. Verna V. Jopling, has brought this suit for damages resulting from an accident when she fell while coming out of one of the entrances of the Short Cut White Kitchen, restaurant and bar on U.S. Highway 90 in the Parish of St. Tammany. The defendants are Short Cut White Kitchen, Incorporated, and its liability insurer Maryland Casualty Company. The accident happened on the 19th of August 1964 at approximately 4:00 P.M.
Plaintiff alleges that on August 19th, 1964 at approximately 4:00 P.M. in the company of two other ladies she was driving toward New Orleans from Florida. When they reached the Short Cut White Kitchen, hereinafter called “White Kitchen” for brevity, the day being hot, sunny and dry they stopped for refreshments.
Mrs. Jopling parked her vehicle on the westward side of the White Kitchen and she and her two companions entered the main entrance to. the restaurant, walking up a ramp where they purchased their refreshments and drank them. To get to this main entrance they had to pass the entrance marked “Cocktail Lounge and Bar.” Entrance to the cocktail lounge and bar is where the accident occurred.
When they got ready to leave the restaurant and had paid the bill they decided to depart by the entrance to the cocktail lounge because they would remain in the enclosed air conditioned building longer and would be closer to their car.
Mrs. Jopling pushed against the door, it opened and as she put her foot down found out there was a five inch step-down which threw her off balance and she fell and fractured her hip.
Defendants filed an answer in the nature of a general denial and further answered that any injury plaintiff might have sustained was solely and proximately by her own negligence in (1) in failing to maintain a proper lookout, (2) failing to use ordinary care and caution that would have been exercised by a reasonable and prudent person under the same and similar circumstances (3) acting carelessly and inattentively, and (4) failing to see what she should have seen and do what she could have done. Al *130 ternatively defendants plead contributory negligence on the part of plaintiff.
The matter was tried in the Lower Court and judgment was rendered and signed in favor of the defendants and against the plaintiff rejecting her demands and dismissing the suit at her costs. • She has brought this appeal from this judgment.
Plaintiff appellant complains that the Lower Court erred in failing to recognize the status of the plaintiff and the duty owed to her, and second, failed to warn invitees of passage obstructions and traps.
There is very little dispute about the facts in the case. The pictures offered in evidence by both parties show the door which is the entrance to the cocktail lounge and bar of the White Kitchen. There is a step that extends out some six inches from the doorway after the door is closed and there is a drop of about five inches. Mrs. Jopling passed by this door entrance to the cocktail lounge when she entered throught the main entrance to the restaurant and could very easily have seen the step. In addition, she walked up the ramp and certainly should have realized that the floor of the restaurant was not on a level with the ground, and there was bound to be a step-down at the other entrances instead of a ramp.
The pictures show knobs on both sides of the door to the entrance of the cocktail lounge and bar although plaintiff’s witnesses swore that there was no knob on the door and they merely pushed it open when they went to leave.
Plaintiff put on as a witness Mr. Charles Edward Schwing, who was qualified and accepted by the Court as an architect. He testified that he had examined the building and in his opinion the step-down was a hazard. He further testified, however, that he considered ALL steps a hazardous condition and any time you break the level it would be a hazard. Further, that it is a policy from an architect’s point of view to try to avoid the situation such as the step-down from the entrance to the cocktail lounge as was present in this particular case.
Plaintiff cites several cases which she relies on in stating the law applicable to the facts in this case. We will take up these cases and discuss them, as well as the cases cited by defendant appellee in their briefs.
There is no question but what plaintiff was an invitee on the premises of the defendant. It is equally well settled in law that a property owner is not the insurer of the safety of invitees, but owes reasonable and ordinary care for the safety of the invitee.
“ ‘An invitee is a person who goes on the premises with the express or implied invitation of the occupant on the business of the latter or for their mutual advantage ; and to him, the duty owed is that of reasonable and ordinary care, which includes the prior discovery of reasonably discoverable conditions of the premises that may be unreasonably dangerous, and correction thereof or a warning to the invitee of the danger.’ Alexander v. General Fire and Life Assurance Corp., La.App., 98 So.2d 730. ‘The owner, occupant, or person in charge of property owes to an invitee * * * the duty of exercising reasonable or ordinary care for his safety and is liable for injury resulting from breach of such duty. This duty includes that of exercising reasonable care to keep the premises in a reasonably safe and suitable condition or of warning invitees * * * of hidden or concealed perils of which he knows or should know in the exercise of reasonable care, so that those whom he has invited to enter upon or use his property shall not be, unnecessarily, or unreasonably exposed to danger. * * *’ Savell v. Foster, [La.App.,] 149 So.2d 210.” Foggin v. General Guaranty Insurance Company, 250 La. 347, 195 So.2d 636.
Foggin v. General Guaranty Insurance Company is the case on which plaintiff appellant relies mostly in this case. However, we do not feel that the facts in the Foggin case, supra, are analogous to the facts in the instant case.
*131 In the Foggin case, supra, a woman tripped over a board nailed across the bottom of a gateway in the back yard of her son’s residence. She stumbled across this board in the dark of night after being urged by her daughter-in-law to pass through the gate. The daughter-in-law did not give her any warning, and did not tell her of the existence of the board, and the Court held under these circumstances that she was negligent in not doing so.
The case of Kennedy v. Columbia Casualty Company, 248 La. 869, 182 So.2d 519 the Supreme Court maintained the duty of an owner of a building to his invitee was that of ordinary and reasonable care, which means his obligation of maintaining the premises in a condition reasonably safe for use consistent with the purpose of the invitation, including the discovery of reasonable foreseeable conditions that may be dangerous and result in an injury especially where there is time for correcting the perilous condition, or giving warning to the invitee of the danger. In this case the plaintiff with a group of children was visiting a plantation in West Feliciana Parish and while on the tour walked across a swinging foot bridge. The foot bridge fell and plaintiff was injured by falling onto the dry bed of a creek. The Supreme Court found that the bridge was structurally sound and in accordance with approved engineering principles and free of latent and hidden defects, that it was not designed to accommodate large groups of persons and that because of its construction was inclined to sway to some degree when used in ordinary manner by a small number of persons, and the Court concluded that the posted sign “Enter on Bridge at Own Risk” gave notice that the use of the facility was not without some attendant danger, and should have warned an ordinary prudent person the danger of entering the structure when it was overloaded. They, therefore, rejected plaintiff’s demand.
Another case relied upon by plaintiff was Cassanova v. Paramount-Richards Theatres, 204 La. 813, 16 So.2d 444. The facts in this case are definitely not analogous to the case at bar. Mrs. Cassanova stepped into an unprotected opening between a balcony step and an aisle seat which was hidden from view and was not observable by persons exercising ordinary care and was therefore not guilty of contributory negligence in a matter of law and she had a right to assume that the premises was safe and she was not charged with any duty to look out for hidden dangers. We do not believe these cases are applicable to the case at bar because here the accident happened in broad daylight, in fact at 4:00 P.M. on a summer afternoo,n, and the sun was beaming down and even the plaintiff remarked about how hot the weather was. She could have seen the door as she walked by it and she certainly should have known by walking up a ramp that the floor of the restaurant and cocktail lounge were not level with the ground. She could very easily, when she pushed the door open, have seen the step-down had she been looking.
The cases cited by the defendants we believe express the law applicable to this case. The case of Tete v. Newark Insurance Company, La.App., 170 So.2d 248 held that storekeepers and property owners are not the insurer of safety of invitees and are only under the duty to keep their premises in safe condition for the use in a manner consistent with the purpose thereof, free from any defects or conditions in the nature of hidden danger, traps or pitfalls not known to invitee and which would not be observed by him in the exercise of reasonable care.
In the Tete case a woman was about to enter a store in a shopping center and tripped over a bumper setting in the roadway for the purpose of keeping vehicles away from the curb. She claimed that this was a trap and that the defendant’s insured was negligent in maintaining this bumper in the parking space. The Court held, however, that had Mrs. Tete been walking in an ordinary careful and prudent manner she could not have failed to observe the bumper *132 and that the accident happened as a result of her own negligence.
The case of Coquille v. Expressway Bowling, Inc., La.App., 183 So.2d 347, is an even stronger case. In this case plaintiff, Mrs. Coquille slipped and fell while endeavoring to enter the Expressway Bowling Alleys and sustained critical injuries. She claimed that she fell as a result of the faulty and inappropriate design of the ramp leading to the entrance of the bowling lanes and that the operators of the premises were guilty of negligence in maintaining a hazardous and dangerous entrance way and in failing to correct the hazard knowing that some one might fall as a result thereof.
The Court held in this case as follows: “Storekeepers and property owners are not insurers of the safety of their invitees ; they are only under a duty to keep their premises in a safe condition for use in a manner consistent with the purposes thereof, i.e., 'free of defects or conditions in the nature of hidden dangers, traps or pitfalls which are not known to the invitee and would not be observed by him in the exercise of reasonable care; the invitee assumes the obvious, normal or ordinary risks attendant on the use of the premises, and storekeepers or owners are not liable for injuries to an invitee when those injuries result from a danger which should have been observed by the latter in the exercise of reasonable care. Tete v. Newark Insurance Company, 170 So.2d 248, decided by this court. See also the many cases .cited therein. One must see dangers which are obvious and which should and can be appreciated by a reasonably and ordinarily prudent and observant person. It is quite true that one is not required to look for hidden dangers, but he is nevertheless bound to walk with his eyes open and to observe his course and see what is open and apparent. Spinks v. General Fire and Casualty Company, La.App., 175 So.2d 339, and the authorities cited therein.
We must hold in this case that the insignificantly small curb which Mrs. Co-quille had to traverse presented not even a remote hazard, but even if we are wrong in this conclusion, then we can only say again we attribute the unfortunate occurrence to Mrs. Coquille’s inattention and failure to observe, which amounts to negligence on her part.”
The case of Jumonville v. Calogne, La.App., 141 So.2d 430 which is cited by plaintiff actually supports contention of the defendant. In this case a woman guest who was being escorted to the bathroom by her hostess, opened the wrong door and fell downstairs into a basement. While this case does hold “[w]e do not believe that it is expected or required that the doors along the hall of a private home of this type be labeled, as it is customary to do in public buildings” the Court in its final decision held as follows:
“ * * * We conclude that (plaintiff) could have seen that the stairway was not the bathroom if she had taken time to make the slightest observation. We cannot accept her version that the momentum of her body rendered her helpless and carried her down the steps so precipitously that she had not time to inform herself that she was not entering the bathroom. She should not have permitted her emergent haste to cause her loss of equilibrium in her blind effort to reach her destination.”
Another case in point is Burdeaux et al. v. Montgomery Ward & Company, Inc., La.App., 192 So. 728. In this case the plaintiff entered a rest room in day time and entered a booth that had raised floor and spring door which struck customer on exiting causing her to fall and sustain injury. The Court held that although this accident happened on customer’s first visit to the booth it did not excuse her from not guarding against the effect of the door’s reaction, or for not bearing in mind the presence of the step-off in the floor. Plaintiff’s demand was rejected. See also Pervel v. Hospital Service Association of New Orleans, La.App., 192 So.2d 852 and Turner v. Powers, La.App., 198 So.2d 919.
*133 We feel that the rule of law that where there are no defects, and the building is sound structurally, or no hidden dangers or traps, a person is excluded from recovery where she was injured as a result of her own negligence in not seeing or observing the conditions which would create the hazard when she had an ample opportunity to do so. In this case plaintiff pushed the door open without looking and she testified that she did not know how it happened. When she pushed on the door it opened and she stepped out and down she went and she could not explain why. However, the pictures definitely show that the door had knobs on it and had she been observing the step-down which could readily be seen, and there was nothing to prevent her from seeing it, she fell as a result of her own negligence and was not proceeding with caution and is not entitled to recovery in this case.
For the foregoing reasons we find that the judgment of the Lower Court is correct and it is hereby affirmed, at appellant’s costs.
Affirmed.