CHASEZ, Judge.
The plaintiff, Walter F. Roy, Jr., individually and as the administrator of the estate of his minor child, Callie L. Roy,[1] filed suit against defendants, Delta Theaters, Inc., and Hanover Insurance Company, its insurer, endeavoring to recover the sum of $29,500.00 representing damages for personal injuries and medical expenses which he asserts were incurred as the result of the defendant’s negligence in allowing an unsafe condition to remain on a staircase on its premises, causing the plaintiff’s minor daughter to fall.
The defendants answered and denied the accusations of negligence contained in the petition. In addition, they asserted that the theater premises were completely void of unsafe conditions, and affirmatively alleged the contributory negligence of Miss Roy.
After a trial on the merits, judgment was rendered against the defendants in favor of the plaintiff individually in the sum of $137.00 for medical expenses, and in favor of the plaintiff on behalf of his daughter in the sum of $600.00. From this judgment, the defendants have prosecuted this appeal.
The record reveals that on June 18, 1964, the plaintiff’s minor daughter, Callie L. Roy, accompanied by her sister and two other young girls, were proceeding down a staircase in the premises of the Joy Theater from the balcony arcade. Miss Roy asserts that as she stepped from the middle landing, the heel of her flat-style shoe caught on a metal stripping which held down the stair carpet, and that she was thereby caused to trip and fall. She further asserts that the heel, which was nailed to the shoe, was dislodged as the result of its engagement with the metal stripping, and that when she finally halted her fall both the shoe and the heel were off of her foot.
As the result of the fall, Miss Roy sustained lacerations of both knees and a rather severe sprain of her right ankle, which was placed in a short leg cast for approximately six weeks.
The evidence presented by the defendant establishes that there were no defects existing on the staircase or any protrusion of the metal stripping on which the plaintiff’s daughter claims to have caught her heel. Consequently, the sole question posed for this court’s consideration is whether a defective condition on the defendant’s staircase in fact caused the plaintiff’s daughter to trip and fall.
A thorough analysis of the record in this proceeding fails to disclose any substantial basis upon which the trial court could have predicated its finding that the metal stripping on the staircase protruded sufficiently to engage the girl’s flat heel and cause her to fall. The most significant testimony produced by the defendant in support of its position was that of two of its employees, Mr. Amos Lae and Mrs. Eugenia O. Bar-nette, both of whom inspected the staircase immediately after the accident. Mr. Lae, the assistant manager in charge at the time, testified that when he heard the girl fall he was in his office on the mezzanine floor. He proceeded immediately down the stairs, administered first aid to her, and then inspected the stairs for any defect or protruding stripping. On both direct and cross examinations he was quite adament in his statement that he could find absolutely nothing wrong with the stairs.
Mrs. Barnette, a secretary and bookkeeper for the defendant, also went down stairs when she heard the girl fall, and she *884 unequivocally testified that she could find no irregularities or defects in the stairs or the metal stripping, nor was any portion thereof raised or damaged. She further pointed out that this conclusion was reached by her after a specific examination of the staircase made for the purpose of determining what might have caused the fall.
Finally, the testimony of Miss Roy herself indicates that there was no defective condition on the stairs. She testified that to the best of her knowledge none of the strips were protruding upward. On the contrary, she asserted unequivocally that the stripping was actually flat with the surface of the rug, and did not create any unsafe condition or other defect which might have caused her fall.
It is well settled that while a theater operator owes the duty to its patrons to exercise due care for their safety, it is not the insurer of its patrons and is not absolutely liable for any injury which may occur on its premises.[2] The burden lies squarely upon the plaintiff to prove the existence of the defect, and to prove that the defect in fact caused her to fall.
In the present case, it is abundantly clear that the plaintiff’s daughter did suffer a fall on the stairs of the Joy Theater. However, the record is devoid of any substantial evidence to establish the existence of a defect in the premises or to establish the fact that such a defect caused the girl to fall. In view of the absence of evidence in the record to show any fault on the part of the defendant, it is clear that- the lower court committed manifest error in holding that the defendants were liable for the girl’s injuries. Consequently, the judgment of the lower court must be reversed.
For the foregoing reasons, the judgment appealed from is reversed and set aside, and judgment is hereby rendered in favor of the defendants, Delta Theaters, Inc., and Hanover Insurance Company, dismissing the plaintiff’s suit at his costs.
Reversed and rendered.

. In the title of this suit, Oallie L. Koy was erroneously designated as Collie L. Boy.

. See for example Turner v. Powers, 198 So.2d 919 (La.App.1967).