GULOTTA, Judge.
This matter involves a claim for damages for personal injuries sustained by Mrs. Champagne which she asserts were incurred as a result of the negligence of the defendant in maintaining a dangerously slippery dance floor.
Defendant answered and denied the allegations of negligence, asserting that the proximate cause of the accident was the negligence of the plaintiff, Mrs. Champagne. Alternatively, defendant charged that if it be found guilty of negligence in the matter, that plaintiff be found guilty of contributory negligence, which negligence bars recovery.
Following a trial on the merits, judgment was rendered in favor of the defendant, and from that judgment the plaintiff has prosecuted this appeal.
The record discloses that the Nu Kappa Rho Club rented the Harahan Lions Club for a dance on December 9, 1967. Mrs. Champagne was chairlady of the dance. At approximately 11:30 p.m. on the evening of the dance Mrs. Champagne, while dancing, fell on the floor, fracturing her wrist. Evidence indicates that there was no foreign substance on the floor. The record reflects that the floor had been observed and examined the night prior to the dance and was found to be safe.
Seven witnesses testified that no wax was spread on the dance floor during the dance. There was only one witness, Mrs. Roach, whose testimony to the contrary was not discredited. And the manager of the club, Mr. Batson, stated that no wax was spread during the dance and that since he had the only key to the storeroom where the wax was kept that no wax could have been spread without his knowledge. From the testimony of these witnesses the trial court concluded that no wax had been spread during the dance.
The question presented on appeal is whether the defendant should be held liable for the injuries sustained by Mrs. Champagne.
The jurisprudential rule in slip and fall cases is that the plaintiff must establish his claim by a preponderance of the evidence, Sims v. Gibson’s of Denham Springs, Inc., La.App., 205 So.2d 824.
The duty imposed upon the owner of the premises depends on the manner in which the premises are to be used. The floors must be kept “in a reasonably safe condition for use in a manner consistent with the purpose of the premises”, Peters v. Great Atlantic and Pacific Tea Co., Inc., La.App., 72 So.2d 562. In the case of Coquille v. Expressway Bowling, Inc., La. App., 183 So.2d 347, the court stated that the invitee assumes ordinary risk attendant on the use of the premises.
In the instant case the Nu Kappa Rho Club rented the premises for the purpose of staging a dance. Under the Peters and Coquille cases, defendant herein is charged with the duty of maintaining the premises in a manner consistent with the purpose of dancing. Mrs. Champagne argues that her injury was caused by the alleged slippery condition of the floor. Defendant admits that the floor had been waxed to facilitate dancing. However, under the rationale of the Peters and Co-quille cases, such waxing does not constitute negligence as a waxed floor is certainly consistent with the purpose of dancing. Therefore, Mrs. Champagne as the invitee must assume the risk that the dance floor may be waxed as such waxing is attendant on the use of the premises.
Even if the slippery condition of the floor is said to be the sole cause of the accident, the defendant cannot be held liable unless negligence is proved. There is no evidence that the defendant had notice of any slippery condition. Under the rule of Sykes v. Great Atlantic and Pacific Tea Co., La.App., 206 So.2d 541, the owner of the premises is not liable for accidents due *294 to condition of the floor unless with the exercise of reasonable diligence he could have detected the defect. In this case the floor had been examined the night prior to the dance and was found to be safe. The club manager, Mr. Batson, testified that none of the guests in attendance made any complaints concerning the condition of the floor. Without notice of a dangerous condition we cannot find negligence on the part of the defendant, consistent with the Sykes case, supra.
However, if the general condition of the floor did constitute negligence by defendant, plaintiff must prove that the floor was slippery at the point of the fall, Turner v. Powers, La.App., 198 So.2d 919.
The trial judge found that there was no preponderance of evidence to the effect that the spot upon which Mrs. Champagne fell was particularly slippery. We find nothing in the record to dispute this finding. The court has not considered the question of contributory negligence of Mrs. Champagne, and we do not find it necessary to do so for the reason that we do not find the, defendant guilty of actionable negligence.
In dismissing plaintiff’s suit the trial judge correctly reasoned:
“Applying the above law of the subject to the facts of the case at bar, the Court is of the opinion that the defendant, Harahan’s Lions Club, kept the floors in a reasonably safe condition for use in a manner consistent with the purpose of the premises (for dancing), that by taking the precaution of checking the dance floor the night before the dance, said defendant exercised that degree of care that would be exercised by an ordinarily prudent man under similar circumstances and that the defendant was guilty of no negligence which caused plaintiff’s injury. If the floor was excessively waxed, it was never brought to the attention of the defendant and he had no reason to anticipate same so he would not be guilty of allowing a source of danger to remain for a longer period of time than that in which it should have been discovered and removed. In addition, if the floor was excessively waxed in the place where Mrs. Champagne slipped, it would seem that after dancing there three times she should have discovered it, and therefore as an invitee, she assumed the obvious, normal, or ordinary risks attendant on the use of the premises (for dancing) and the owner is not liable for injuries to her, as an invitee, when those injuries result from a danger which should have been observed by said invitee and the exercise of reasonable care.”
For the reasons herein assigned, the judgment of the trial court dismissing plaintiff’s claim is affirmed.
Affirmed.