REGAN, Judge.
Plaintiffs, Mildred Mills, wife of/and Oliver A. Verner, filed this suit against Winn-Dixie Stores, Inc. and Winn-Dixie of Louisiana, Inc., operators of a retail supermarket; their liability insurer, Fidelity and Casualty Company of New York, and the Lincoln National Life Insurance Company, owner of the property where the store is located, endeavoring to recover the sum of $130,328.21 for personal injuries and special damages Mrs. Verner incurred when she fell on an allegedly defectively constructed shopping cart ramp adjacent to the store’s premises.
The defendants answered and denied the existence of any negligence on their part and then asserted that the plaintiff’s fall was caused by her own fault in failing to observe where she was walking. In the alternative, they pleaded that she was con-tributorily negligent.
From a judgment dismissing their suit, plaintiffs have prosecuted this appeal.
The record reveals that Mrs. Verner tripped and fell as she was leaving the Winn-Dixie supermarket located in 4901 Prytania Street in the City of New Orleans. She testified that she took one step down the shopping cart ramp between the sidewalk adjacent to the store and the parking area, and fell forward after step *763 ping on a sharp object. Her arm was seriously injured.
Plaintiffs adduced the testimony of a civil engineer who said he concluded that the ramp was unsafe for the purpose for which it was designed in that the surface was uneven and the slope between the sidewalk and the lower-levelled parking area was too steep. Assuming arguendo that this is true, there is no evidence to corroborate plaintiff’s allegation that she lost her balance because of a structural defect. Mrs. Verner was emphatic in asserting that she stepped on a foreign object lying on the ramp and was thrown forward and lost her balance as a result thereof.
Our jurisprudence is well settled to the effect that the owner or operator of a business is not the insurer of all customers on the premises, and this is true even if certain hazardous conditions exist thereon. Before liability attaches, the plaintiff must establish by a reasonable preponderance of the evidence that a defect in the premises was the proximate cause of the injury.[1]
For the reasons assigned, the judgment appealed from is affirmed, plaintiffs are to pay all costs of this appeal.
Affirmed.

. Roy v. Delta Theaters, Inc., 223 So.2d 882 (La.App.1969).