BARRY, Judge.
This matter arose because of injuries plaintiff received when she fell into an open storm drain in defendant’s parking lot. The District Court found the defendant negligent for failing to notice the exposed drain and determined plaintiff was not con-tributorily negligent in failing to see the hole because it was obscured by an overturned shopping cart. Plaintiff was awarded $5,500.00 in damages which is not an issue on appeal.
Defendant urges that it was not negligent in failing to discover the unprotected drain, and alternatively, that plaintiff was contributorily negligent in failing to see this hazard.
Uncontradicted testimony shows that plaintiff and her husband arrived at defendant’s supermarket parking lot in mid-afternoon. The husband saw an empty parking space on which a shopping cart was overturned on its side. Plaintiff got out of the automobile to move the basket so that her husband could park. As she moved the cart her left foot went down into the drain until her entire leg was in the hole, injuring her back, left knee and left foot. After her fall plaintiff was straddled over the hole with one leg inside and the other leg level with the ground.
The hole in which plaintiff fell was for drainage and is normally covered with metal grating. This protective covering had been removed for no explained reason and was situated inside and at the bottom of the hole partially emersed in water, the basket resting over the exposed hole.
We are confronted with a factual situation which must be considered in light of defendant’s legal responsibility to plaintiff as an invitee. Defendant’s duty is to keep its premises in a safe condition, free of defects and conditions in the nature of hidden dangers, traps, or pitfalls which are not known to the invitee and which would not be observed in the exercise of reasonable care. Coquille v. Expressway Bowling, Inc., 183 So.2d 347 (La.App. 4th Cir. 1966), writ refused 185 So.2d 220 (La.1966); Champagne v. Harahan Lions Club, Inc., 243 So.2d 292 (La.App. 4th Cir. 1971).
Defendant’s store manager testified that the parking lot is approximately 250 yards long and 150 yards deep with six rows of storm drains containing three to four drains in each row. The drains are covered by heavy rectangular grates measuring approximately 20" X 30" which rest upon a concrete lip. Each grate weighs between 40 to 60 pounds. The manager testified that the accident occurred approximately 140 feet from the front of the building and he personally observed that the grate covering had been removed and was resting vertically inside the hole. The manager stated that he was unaware that this covering had *980 been removed and was unable to find any employee with knowledge that this condition existed prior to the accident, nor did any customer report the hazard.
Defendant employed “buggy boys” to patrol the parking lot and retrieve grocery carts left in the parking area. One such former employee testified that on the date of the accident he did not see any grocery carts in a side position nor any open storm drains.
Defendant’s security officer verified that the grate covering was inside the open hole, but that he did not have knowledge of this condition during the day of the accident in spite of patrolling the parking lot from time to time.
A customer of the store was an eye witness and saw plaintiff fall into the hole as she attempted to move the grocery cart. The customer testified that plaintiff had fallen up to her waist in the rectangular hole, and he observed dirt and dust particles on the lip where the grate covering had rested.
Plaintiff’s husband testified that when he attempted to enter the empty parking space he observed a shopping basket lying down on its side. At this point his wife volunteered to get out of the vehicle to move the cart so her husband could park. He stated as she did so she slipped into the uncovered storm drain.
Plaintiff testified that it was her intention to upright the basket and move it out of the parking space. She stated she did not see the open hole and stepped into it when she attempted to move the grocery cart.
We fail to find any conflict in the testimony of the various witnesses. The District Court concluded that defendant was negligent in allowing the drainage hole to remain uncovered in the parking lot for an unreasonable period of time. The trial judge was impressed by the testimony of the employee of defendant who observed an accumulation of dust and dirt on the drain lip which indicated that the grate covering had been removed for some period of time. The lower court held that defendant’s employees should have noticed the exposed drain, or at least the overturned shopping cart, since it was their responsibility to retrieve the carts and maintain the parking area in a safe condition.
Plaintiff is a sixty-three year old female partially blind in one eye. The district judge stated:
“The Court also finds that plaintiff was not contributorily negligent. Although her vision is poor by her own admission, she nevertheless, failed to see the hole because it was obscured by the overturned shopping cart. The overturned cart in fact presented a trap for those unwary of the hole who would attempt to upright the cart.”
Hidden traps or defects have relieved claimants of contributory negligence where the defect was covered by leaves, Parker v. City of New Orleans, 1 So.2d 123 (Orls.La.App.1941), and where the defect was covered with gravel, Merchant v. Montgomery Ward & Company, 83 So.2d 920 (La.App. 1st Cir. 1955).
We feel the overturned grocery cart effectively hid from view the exposed drain hole and constituted a trap which a reasonable person using ordinary care could not have avoided and thus plaintiff was free of contributory negligence.
Admittedly, the District Court decision places a heavy burden on the defendant, but this type of pecuniary expense is a necessary and inherent risk of doing business.
We fail to find a basis, much less abuse of discretion, to disagree with the factual determination and legal conclusion of the District Court. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Accordingly, the judgment appealed from is affirmed with costs of this appeal to be paid by appellant.

AFFIRMED.