JULIAN E. BAILES, Judge Pro Tem.
Plaintiffs-appellants appeal the judgment of the trial court dismissing their action to recover damages for physical injuries and medical expenses from the defendant-appel-lee dance hall owner sustained when plaintiff-appellant wife slipped and fell on the dance hall floor.
During discovery depositions and at trial neither the husband nor wife appellant could identify the alleged foreign substance which allegedly caused Mrs. Guidry to slip. During her testimony in chief she states the floor was slippery and that “I don’t know what I slipped on, but I felt like little gravels or something_whatever it was.” At trial the plaintiff-husband testified, as on deposition, that he didn’t know what caused his wife to fall.
In addition to the testimony of the appellants, Mr. and Mrs. Guidry, a Mr. Yancy Cheramie testified that he was in the dance hall at the time Mrs. Guidry fell and that he saw no substance on the floor when he helped pick up Mrs. Guidry.
The defendant-appellee testified under cross-examination as follows:
“Q. Okay, do you know if you spray or if you ever put any powder on the floor to make it a little slippery to make people dance better?
“MR. CHERAMIE (INTERPRETING):
Answer: She says she puts a little bit but not plenty. And she said people *873 complain because she does not put enough.
“Q. But there was some on the floor?
“MR. CHERAMIE: She said that they had some on the floor but not enough to make anybody fall.
“No further questions.”
Appellant argues that “All that is needed to prove out a case of slip and fall is that there must be a foreign substance on the floor, and that this substance caused plaintiff’s injury. Champagne v. Harahan Lions Club, Inc., 243 So.2d 292 (La.App.1971). Clearly, this was established in this cause and the case should have continued to a close of all evidence.”
At the conclusion of the plaintiff’s case in chief, the defendant moved for a directed verdict which the trial judge granted, with this oral comment:
“Alright, the Court directs the verdict in favor of the Defendant for the following reasons: Although the Plaintiff has sustained a serious injury, the testimony, the Court believes, is that she did dance on three occasions. The three dances were uneventful — without problems. It was only after the completion of the third dance, she was enroute back to her table, that she did fall.
“The Court believes that neither Mr. or Mrs. Guidry saw any foreign substance or were aware of any foreign substance on the floor at anytime either before or after the fall.
“This is supported by the testimony of Mrs. Guidry in her deposition prior to trial.
“The Court does not feel that it has been established by the Plaintiff, the Burden of Proof required at this time and the directed verdict is rendered in favor of the Defendant.”
In Champagne v. Harahan Lions Club, Inc., supra, the court stated:
“[3] Even if the slippery condition of the floor is said to be the sole cause of the accident, the defendant cannot be held liable unless negligence is proved. There is no evidence that the defendant had notice of any slippery condition.”
After all, Mrs. Guidry had that same night made three previously uneventful dances on this same floor.
The jurisprudential rule is no different in slip and fall cases as in any other civil action. The plaintiff has the burden of establishing his claim by a preponderance of the evidence. Sims v. Gibson’s of Denham Springs, Inc., 205 So.2d 824 (La.App. 1st Cir. 1968); Peters v. Great Atlantic & Pacific Tea Co., Inc., 72 So.2d 562 (La.App. 2nd Cir. 1954).
In keeping with the holding in Champagne v. Harahan Lions Club, Inc., supra, even taking into account the testimony of Mrs. Cheramie that she put some wax on the floor, there was no showing that it was excessive. The invitee assumes the ordinary risk attendant on the use of the premises for the purpose of dancing.
For the foregoing reasons, the judgment appealed is affirmed at appellants’ cost.

AFFIRMED.