402 So.2d 192 (1981)
Ernest C. WILLIAMS, et ux.
v.
AETNA INSURANCE COMPANY, et al.
No. 14253.
Court of Appeal of Louisiana, First Circuit.
June 29, 1981.
*193 David W. Robinson, Baton Rouge, for plaintiff-appellees Ernest C. Williams and Helen S. Williams.
A. O'Neal Walsh, Baton Rouge, for defendants-appellants Aetna Ins. Co. and Mary E. Parker and Lucy J. Reynolds d/b/a The Golden Quill.
Before COVINGTON, CHIASSON and LEAR, JJ.
CHIASSON, Judge.
This is a slip and fall case in which the trial court found the defendants, Mary Evelyn Parker and Lucy J. Reynolds, d/b/a The Golden Quill and their liability insurer, Aetna Insurance Company, liable for the injuries sustained by plaintiff, Mrs. Helen Williams. The trial court awarded the plaintiffs, Ernest C. Williams and Helen Williams, $4,812.13 for special damages and $22,500.00 for general damages. The defendants appealed the ruling and the plaintiffs have answered the appeal.
The incident occurred at The Golden Quill, a commercial establishment on Tara Boulevard in the City of Baton Rouge. Mrs. Williams testified that she had been to this particular business establishment on a number of occasions without any incident. On the day in question she had entered the store, browsed around for a few minutes and then exited the store. She exited through the front door and proceeded down the porch to the walkway where she fell when she did not notice a five inch drop from the porch to the walkway.
The walkway and the front porch of the building consisted of a uniformed brick layout. The porch was 95½ inches wide and approximately 37½ inches deep and led from the front door to the symmetrically similar brick and mortar walkway which is five inches below the porch level.
The trial court, at the conclusion of the testimony, followed the duty/risk analysis by first finding that Mrs. Williams injured herself in a fall at the step down location. It next found the applicable duty to be "that the business proprietor has a duty to provide for a step down such as this where one can safely negotiate the step down by the exercise of ordinary care." It concluded that the defendants were liable since the step down was a hazard and was allowed to remain there by the owners.
Defendants argue on appeal that the porch was not a hazard and, in the alternative, that the plaintiffs failed to prove that the defendants knew or should have known that it was a hazard. They also contend that this is a negligence case and not one of strict liability citing the cases of Magoni v. Wells, 154 So.2d 524 (La.App. 4th Cir. 1963); Jopling v. Short Cut White Kitchen, Inc., 204 So.2d 128 (La.App. 1st Cir. 1967); and Vidrine v. Dupre, 204 So.2d 418 (La.App. 3rd Cir. 1967). Finally, they aver that Mrs. Williams was contributorily negligent in failing to look for a step that she knew or *194 should have known was in her path and that this was the cause in fact of the accident.
Plaintiffs maintain that this is a strict liability situation under Civil Code Article 2317 and the recent Supreme Court cases construing that article, especially Hunt v. City Stores, Inc., 387 So.2d 585 (La. 1980); Jones v. City of Baton Rouge, Etc., 388 So.2d 737 (La. 1980); Reinhard v. City of New Orleans, 371 So.2d 286 (La. 1979); and Wall v. Village of Tallulah, 385 So.2d 905 (La. 1980). Plaintiffs have abandoned their answer to the appeal seeking an increase in the amount of general damages but they are still seeking to have a $45.00 bill for a doctor's report taxed as court cost under La.R.S. 13:3666 as amended in 1980.
The cases cited by the defendants provide that the duty owed by the property owner is one of reasonableness and of ordinary care for the safety of its patrons. The proprietor of a business establishment is not the insurer of the safety of its patrons. In regard to the duty owed concerning steps, the defendants point to the Magoni decision, supra, which states: "her duty to the plaintiff was to provide steps which could be negotiated in safety by the exercise of ordinary care by the user."
The defendants also point to the language in the Jopling case, supra, at page 133 where this circuit held:
"We feel that the rule of law that where there are no defects, and the building is sound structurally, or no hidden dangers or traps, a person is excluded from recovery where she was injured as a result of her own negligence in not seeing or observing the conditions which would create the hazard when she had an ample opportunity to do so. * * *"
We do not find the rulings of law in those cases to be inapplicable to our situation, but the factual circumstances of this case warrant a different result. In our case, the porch and the walkway were of the same material and presented a view of one continuous walkway without interruption. The pictures introduced into evidence bear this fact out. One of the experts testified that the construction created an optical illusion. A person exiting from the doorway, although observant, would get this deceptive view. This distinguishes this case from the Magoni case, where Mr. Magoni could observe other objects at different levels.
The trial court found that the description of the porch and walkway by another expert to be a correct interpretation of the area in that it was "the most beautifully camouflaged hazard he has seen." We find that this deceptive view constituted a hidden danger or a trap. With this finding, we hold that the defendants breached their duty of providing a step that could be negotiated safely with the exercise of ordinary care.
Defendants argue that since Mrs. Williams visited the business establishment on prior occasions and entered the building a few minutes before the accident, she was aware of the step. They contend that Mr. Magoni was faced with a similar flooring on two levels in his case and the trial court dismissed the suit. As stated above, there were sufficient objects to observe in the Magoni case to distinguish the different levels, unlike the situation here.
The trial court also found in this case that plaintiffs are not required to remember how many or what type of steps each store has that they visit. The steps should not constitute a trap to those who do look but are prevented from observing the step because of the manner in which it is constructed. In addition, we find that there was no proof that Mrs. Williams was not looking or observing the conditions of the walkway. With reference to the porch and walkway, she testified:
"Well, I wasn't thinking about a step for one thing, and another reason is, it's all the same thing. It just looks like bricks all the way, and I thought it was just the same thing."
There was nothing at this spot to indicate to her or put her on notice that she was about to step down. We do not find any negligence on the part of Mrs. Williams.
*195 As to quantum, neither party takes issue with the award of general damages. Defendants do challenge the award for special damages on the ground that Mr. Williams did not testify as to these expenses at the trial. The only testimony regarding the expenses was by Mrs. Williams. We find no error in the ruling of the trial court allowing the bills to be filed in evidence based on Mrs. Williams' testimony. A plaintiff does not have to testify to prove his case but need only produce witnesses who can testify as to his claim. Mrs. Williams testified she had knowledge of the expenses incurred because of her injury and she had handled the bills connected therewith. She was therefore competent to testify as to the bills.
The final matter to be disposed of is plaintiffs' claim that a $45.00 bill for a doctor's report submitted in lieu of the doctor's testimony be taxed as court cost under La.R.S. 13:3666 as amended by Act 618 of 1980. The statute was amended in 1980 and went into effect on September 12, 1980. Under Civil Code Article 8 and La.R.S. 1:2, statutes are not retroactive unless expressly stated. In this case, no mention is made in Act 618 of 1980 as to its retroactivity. The only other exception to this rule applies to a statute which is either procedural or remedial in nature. We find this statute to be substantive in nature. Therefore, the court was correct in sustaining the objection as to the filing of the bill. See Johnson v. Fournet, 387 So.2d 1336 (La.App. 1st Cir. 1980).
For the reasons assigned, the judgment of the trial court is affirmed at defendants' costs.
AFFIRMED.