REDMANN, Judge.
Defendants, a drug store operator and its insurer, appeal from a judgment for personal injury damages plaintiff suffered while in the store as a business invitee when the lid of a self-service ice cream case fell, after being handled by two other customers, and struck plaintiff’s leg.
Plaintiff by answer to the appeal asks an increase in quantum.
 A person in control of premises owes invitees the duty of reasonable and ordinary care, including keeping the premises in a reasonably safe condition or warning invitees of known hidden perils; Foggin v. General Guaranty Ins. Co., 250 La. 347, 360-361, 195 So.2d 636, 641 (1967). The question here is whether the presence of the ice cream case with its easily dislodged top was a hidden peril which constituted the premises not reasonably safe, and if so, whether defendant knew of its hidden peril. There is no suggestion any effort was made to warn plaintiff or other invitees.
The top was eight to ten feet wide, about 30 inches deep, and made of aluminum and plastic. It was not physically joined to the ice cream case, but rested on the upper portion of the case and could be slid back to open, forward to close. Its tracks or guides were slightly inclined towards the front of the case, at which there was a half-inch ridge which served as a stop for the lid. The store manager testified that if the top were lifted a half-inch and moved forward slightly, it would fall off; it had previously fallen “once or twice”; the top didn’t weigh much and could be easily lifted. A former janitor at the store testified the top “had been known to come off the hook all the time”.
Defendants argue the ice cream case was not dangerous, not shown to be defective or improperly designed. We believe defendant store’s experience disproves this argument. A case with a top that is several feet long and keeps coming off “all the time” obviously may be the occasion of harm to a passing invitee.
We have noted above the obligation of one in charge of premises towards invitees. We hold the presence of the display case with a top that might easily be knocked off by others constituted a hidden danger to invitees, which was known to defendant store operator. He was obliged either to eliminate the hidden danger or to warn invitees of the peril. His breach of the obligation by failing to do either caused *122 plaintiff’s injuries and he must repair them.
Defendants cite Pilie v. National Food Stores, 245 La. 276, 158 So.2d 162 (1963). There the unsuccessful plaintiff was injured by bottles of soft drink in six-pack cartons falling from a display in a grocery. But there was no showing of fault there, and the court denied a res ipsa inference since all the circumstances did not indicate negligence by defendant as the most plausible explanation of the occurrence. Here, we note, we are not dealing with grocery cans or bottles which everyone knows to be subject to falling from any of a number of causes. We have a freezer case top, apparently a physical part of the case, which no one would expect to be so unstable, neither plaintiff nor any other customer. Yet in fact and to defendant store’s knowledge the case top was unstable and would fall if lifted up slightly, and had fallen in the past, because the small ridge which was the only device to prevent falling was inadequate for its purpose. We do not infer negligence here on any res ipsa theory; it is shown by the evidence.
Defendants complain they are being held responsible for the “negligent acts” of the two other customers who handled the lid. We see no negligence on the part of the customers who (unlike customers dealing with soft drink stacks) could not be held to foresee an ice cream case lid would fall off when closed roughly. And we do not hold defendants for their customers’ act but for their own breach of duty towards their invitee.
On quantum, we think the $500 award by the trial judge for a three centimeter abrasion on the side of the ankle, with some swelling and tenderness, treatment of which included injections of penicillin and tetanus antitoxin, was not manifestly either excessive or inadequate.
Accordingly the judgment is affirmed at defendant’s cost.
Affirmed.