SAMUEL, Judge.
Plaintiffs, husband and wife, filed this suit for personal injuries and damages allegedly incurred by Mrs. Spriggins when she tripped and fell over a tow chain between two cars at a service station operated by the only remaining defendant, Howard J. Schmalz. The answer to the petition denies negligence on the part of the defendant and alternatively pleads contributory negligence. After trial there was judgment in favor of the defendant, dismissing plaintiffs’ suit. Plaintiffs have appealed. The record does not contain any reasons for judgment or findings of fact by the trial court.
*366 Defendant’s service station was located at the corner of South Broad and Washington Avenues in the City of New Orleans. The accident happened at approximately 11 a. m. on December 31, 1965. At that time the station was run by two employees, Henry Bass, a day manager, and Henry Brown, a night manager. For about two weeks prior to the accident Brown had his old automobile on the premises and the defendant had instructed Bass to tell Brown to remove the car. On the day of the accident, shortly before 11 a. m. while he was not on duty, Brown and one of his friends came to the station to remove the old car which was not operational. They secured a thin tow chain approximately 6 feet in length to the front of the old automobile and to the rear of another car. This tow chain, over which Mrs. Spriggins tripped, was 8 inches to 1 foot above the pavement.
The only witnesses who testified to material facts regarding the occurrence of the accident were Mrs. Spriggins, Bass and Brown.
Mrs. Spriggins testified she was on her way to catch a bus to go to her place of employment. She was walking on the Washington sidewalk to the bus stop at the corner of Washington and South Broad. When she reached the service station area her path was blocked by an automobile parked across the sidewalk with its front slightly into Washington so that it completely, blocked the sidewalk. Another car was parked in the rear of the blocking automobile. As Washington is heavily traveled, instead of proceeding in that street she walked into the service station premises and between the two cars, behind the one which blocked the sidewalk and in front of the one to its rear. In doing so she tripped over the tow chain which she did not see prior to her fall.
Testimony given by Bass and Brown was to the following effect: Because the battery of the lead car had to be recharged, the two cars had been parked with the tow chain between them, but for only about 15 minutes. They were not on or near the sidewalk as testified by Mrs. Spriggins; they were facing Washington near the station’s ladies room with the rear of the old automobile in front of the entrance to that room. Bass, who was in charge of the station at the time, knew the cars were there. He also knew they were connected by the tow chain. Neither witness saw Mrs. Spriggins fall.
We find we must and do accept the testimony of Mrs. Spriggins regarding the position of the two automobiles. If the cars had been parked near the ladies room as stated by the two defense witnesses, there appears to be no reason why Mrs. Spriggins would have attempted to walk between the two cars. With the vehicles in that position, if she was going to the dressing room, as argued by counsel for the defendant, she could have turned to her right, entered the station premises, walked straight ahead to that destination and then gone either back to the Washington sidewalk or directly to the corner bus stop through the station premises without walking between the two automobiles. Her only other possible destination was the bus stop at the corner which she could have reached by walking straight ahead on the sidewalk if it had not been blocked.
It is immaterial whether Mrs. Spriggins occupied the position of an invitee or a licensee while she was on the station premises passing between the two cars for the purpose of reaching the bus stop. Even if she occupied only the position of a licensee, and she could be no less, defendant owed to her the duty of warning her of the tow chain between the two automobiles, a latent danger which was known to Bass, the defendant employee in charge of the station at the time, and therefore to the defendant.[1] No such warning was given and, in the absence of contributory negligence, the defendant is liable.
*367 We are also of the opinion that Mrs. Spriggins exercised reasonable care and was not guilty of contributory negligence. Such negligence is a special, affirmative defense which the party relying thereon has the burden of establishing by a preponderance of the evidence.[2] That burden was not carried in the instant case. It is true that Mrs. Spriggins mainly was looking towards the bus stop as she passed between the cars. But the tow chain was small and its presence was unknown and unexpected. Under these facts she was entitled to believe her path was not dangerous.
Ordinarily we would now proceed to a determination of quantum. However, the evidence in the record on the part of both the plaintiffs and the defendant is minimal or less and we are unable to reach proper quantum conclusions on the basis of that evidence. Accordingly, as plaintiffs have requested that we annul the judgment appealed from and remand the case for further proceedings to determine the quantum awards to which plaintiffs are entitled, we will honor that request.
For the reasons assigned, the judgment appealed from is annulled and reversed and it is now ordered that: (1) there be judgment in favor of the plaintiffs, S. E. Sprig-gins and Lonnie Mae Spriggins, and against the defendant, Howard J. Schmalz, d/b/a Broadmoor Esso Service Center; and (2) this matter be remanded to the trial court solely for the purpose of determining the amount of the awards to which plaintiffs are entitled and of rendering judgment in such amounts after giving all litigants an opportunity to offer evidence regarding the same. Costs of this appeal are to be paid by the defendant-appellee; all future costs are to await final determination.
Annulled and reversed as to liability and remanded.

. Phillips v. Katz & Besthoff, La.App., 225 So.2d 120; Hay v. Sears, Roebuck & Company, La.App., 224 So.2d 496; Payton v. St. John, La.App., 188 So.2d 647.

. LSA-C.C.P. Art. 1005; Foggin v. General Guaranty Insurance Company, 250 La. 347, 195 So.2d 636; Lang v. Winn-Dixie Louisiana, Inc., La.App., 230 So.2d 383; Chauvin v. United States Fidelity & Guaranty Co., La.App., 223 So.2d 441; Daire v. Southern Farm Bureau Casualty Insurance Company, La.App., 143 So.2d 389.