STOULIG, Judge.
This is an appeal from a $45,000 jury award to plaintiff, Rodney C. Guidry, against Pizza Hut of Louisiana, Inc., and its liability insurer, St. Paul Fire & Marine Insurance Company, for damages he sustained in a slip-and-fall accident. On appeal defendants reurge the defense of contributory negligence as a basis for reversal on liability. Alternatively they seek a reduction of quantum.
Admittedly, at 1:30 a. m. on July 27,1975, plaintiff slipped and fell on a wet floor in a Pizza Hut restaurant. The hazardous condition resulted from leaking plumbing of which the management had knowledge some time between 2lh to 6V2 hours before the incident. The plea of contributory negligence is based on the premise plaintiff could have seen the water on the floor had he exercised reasonable care in observing his surroundings.
Plaintiff fell in the entrance foyer when he was walking toward the men’s rest room door adjacent to the accident area. The evidence fails to precisely describe the lighting conditions in the restaurant at the point where the accident occurred nor does it disclose the amount of water standing on the floor at the moment plaintiff fell. It was established the Pizza Hut employees were aware of the leak and slippery floor problem for some time before plaintiff’s fall. In fact water had been removed by mopping at least one time earlier that same evening.
Because negligence is conceded, the crucial question is whether plaintiff should have observed the hazardous condition as he approached the area. Two witnesses familiar with the restaurant and the plumbing problem left the impression that a patron unfamiliar with the problem would not have readily observed the standing water. Dale Redding, a waitress on duty that night, said it was observable if the patron looked directly at the floor. A patron dining in a restaurant does not usually walk in this manner nor should he be deemed negligent if he fails to first check his passageway before traversing it in anticipation of pitfalls in his path. Charlotte Rainwater testified that it was not noticeable from a distance.
Contributory negligence is an affirmative defense that must be proven by the party alleging it. C.C.P. art. 1005; Spriggins v. Broadmoor Esso Service Center, 263 So.2d 365 (La.App. 4th Cir. 1972). Defendants have failed to prove the lighting conditions and/or the vantage point from which plaintiff approached would have afforded a reasonable man the opportunity to be forewarned of the slippery condition had he been exercising ordinary care under the circumstances. Conversely, the evidence preponderates to the effect that the slippery floor was not apparent to plaintiff. Thus the jury’s factual finding plaintiff was not contributorily negligent is fully supported by the record.
As to quantum, we likewise find no reversible error. The jury did not abuse the “much discretion” vested in it by C.C. art. 1934(3).
Immediately after his accident, plaintiff undisputedly manifested a disabling back condition — ankylosing spondylitis, also known as the more readily pronounceable Marie-Strumpell disease. Simplistically described, the joints of the back stiffen and actually turn to bone resulting in loss of mobility of the spinal column and forward spinal curvature.
The medical question here is whether the trauma from the fall aggravated and accelerated the progression of this degenerative condition or whether plaintiff sustained a back sprain and coincidentally reached a point in the progression of the spondylitis that disabled him immediately after the accident but independent of its occurrence.
Dr. Rodney Coulon, a neurosurgeon with Ochsner Foundation Hospital, and Drs. James Williams and Ray Haddad, orthopedists, confirmed the presence of Marie-Strumpell disease. Dr. Haddad had treated plaintiff for spondylolisthesis (slipped vertebra) incurred in an accident in 1969 and recommended a surgical fusion to correct *357 the condition in 1970. Plaintiff refused surgery. Dr. Williams examined plaintiff in 1971, 1972 and 1973 in connection with a disability payment application. Neither orthopedist diagnosed Marie-Strumpell disease before the 1975 accident.
Dr. Coulon was plaintiffs treating physician when he was admitted to Ochsner Foundation Hospital, where he was hospitalized and placed in traction for 18 days. Thereafter he was treated as an outpatient until November 10, 1975. At that time Dr. Coulon discharged him to the care of another doctor with the Veterans Administration Hospital, not because plaintiff had recovered, but because he could no longer afford private treatment. In Dr. Coulon’s opinion the fall aggravated and accelerated the progression of the Marie-Strumpell disease, which all medical experts agree is not originated by trauma.
Although Dr. Haddad stated an orthopedist speaks with greater authority in the area of Marie-Strumpell disease than a neurosurgeon (suggesting his was the more knowledgeable opinion), Dr. Coulon’s theory of traumatic acceleration coincides with the history of plaintiff’s physical capabilities before and after the fall. For three months prior to this accident, plaintiff and his 17-year-old son worked together to refurbish rented premises as a liquor store. They painted, nailed shelves, lifted, bended and did all forms of physical exertion necessary to accomplish the remodelling. Plaintiff stood on his feet at least eight hours a day operating his own retail liquor business. After the fall, there was no doubt plaintiff could no longer perform any of these activities.
The verdict indicates the jury assigned more weight to the testimony of treating physician Dr. Coulon than to the opinion of Dr. Haddad, who examined plaintiff after this fall only for the purpose of evaluating his condition. We do not find reversible error in the result and think an award of $45,000 under these circumstances is justified.
For the reasons assigned, the judgment appealed from is affirmed at appellant’s cost.

AFFIRMED.

BEER, J., dissents with written reasons.