EDWARDS, Judge.
Plaintiff, Bonnie Moran, brought this action ex delicto to recover damages for injuries allegedly suffered when she slipped and fell in a department store owned by defendant, Montgomery Ward & Company, Inc. From a judgment entered on a jury verdict in favor of defendant, plaintiff appeals.
On June 16, 1978, at approximately 5:00 p.m., Bonnie Moran was shopping in the garden department of defendant’s store located in the Bon Marche Shopping Center in Baton Rouge. Moran was in that section of the department which featured plants displayed for sale when she slipped and fell, landing on her back. Moran was assisted to her feet by Michael Durham, a security investigator at defendant’s store. Plaintiff was treated at a local hospital emergency room and released. A myelogram conducted on July 14, 1978, revealed that plaintiff had a ruptured disc at the L-4, L-5 vertebral interspace. Plaintiff subsequently underwent surgery to have the ruptured disc removed.
Plaintiff filed suit against Montgomery Ward, alleging that her fall was caused by the presence of water on the floor. She alleged that defendant was negligent in allowing this dangerous condition to exist in its store. Plaintiff’s suit maintained that the ruptured disc later discovered in her back was caused by her June 16, 1978, mishap.
At plaintiff’s request, trial was conducted before a jury. Following trial, the jury returned a general verdict in favor of defendant. Plaintiff has appealed the judgment entered on that verdict.
On appeal, Moran contends that the jury erroneously found her guilty of contributory negligence. While the jury returned a general verdict, plaintiff asserts that the verdict amounts to a specific finding of contributory negligence because of certain questions which the jury posed to the trial judge during the course of its deliberations. After the conclusion of testimony, the trial judge gave his instructions to the jury and it retired to deliberate. About one hour later, the jury returned to the courtroom and requested clarification of the charge with respect to the standard of reasonable care. The trial judge gave the requested charge and the jury retired again. Approximately three and one-half hours later, the jury returned once more and the jury foreman indicated that it was probably unable to reach a verdict. The trial judge urged the jury to make one more attempt to reach a verdict and asked if there were any additional instructions which might help. The *1209 jury foreman asked the trial judge the following two questions:
“We would like to know what is the consequence if we find that the plaintiff has some contributing factors to the — of the incident?”
******
“We would like to know what would be the procedure from this point if we feel that the plaintiff and the defendant both were at fault?”
In response, the trial judge repeated his instructions on contributory negligence, telling the jury that it operates as a complete bar to recovery, and the jury again retired. It returned thirty-five minutes later and rendered a general verdict for defendant.
Plaintiff asserts that the jury’s verdict for defendant, coming as it did after the foreman’s questions about the consequence of fault on the part of the plaintiff, must be based on a finding of contributory negligence. She contends that such a finding is manifestly erroneous.
The defendant argues that no inference may be drawn from the questions posed by the jury foreman. It asserts that the verdict must be treated as any other general verdict and that to do otherwise would amount to a prohibited impeachment of the jury’s verdict by testimony of a juror. See, e.g., Lachney v. Jones, 373 So.2d 595 (La.App. 3d Cir.), cert. denied, 376 So.2d 959 (La.1979).
We find it unnecessary to determine whether consideration of the jury foreman’s questions constitute impeachment of the jury’s verdict. Assuming, arguendo, that those statements do indicate that the jury found defendant negligent and plaintiff contributorily negligent, we find no manifest error in the jury’s finding of contributory negligence.
Michael Durham, employed at the time as defendant’s security investigator, assisted Bonnie Moran after her fall. He testified that as a result of nightly watering by a sprinkler system, the floor remained wet around most of the area where the plants were located. Durham testified that the floor was in this condition at the time of plaintiffs fall. The area was so wet, Durham testified, “you could walk through it and the water would actually splash up.” According to Durham, “[i]t wouldn’t be difficult at all to tell that it’s wet.”
Bonnie Moran testified that she did not see any water on the floor. However, immediately after her fall she did notice that her clothes were wet where they had come into contact with the floor. According to Moran, she had just arrived at the plant display section of the garden department and was looking at the plants for sale when she fell. Moran testified that she had been in this section of defendant’s store “once or twice” before. Plaintiff admitted that she was aware of the necessity for watering the plants in the department, but stated that she took no precautions to see if there was any foreign material on the floor.
Two of defendant’s employees also testified at trial. According to Julius Darens-bourg, a store maintenance man, the sprinkler system was turned on nightly to water the plants. Darensbourg testified that there was never any water left standing on the floor when the store was cleaned each morning. James Bynog, manager of the garden department, also testified that the sprinklers were turned on during the night so that the water would drain off by the time the store opened the next morning. According to Bynog, there was no water on the floor in the area where plaintiff fell.
In a case such as this, contributory negligence is conduct which, under the circumstances, falls below the standard of the duty required of everyone to protect his own safety. Chauvin v. United States Fidelity & Guaranty Co., 223 So.2d 441 (La.App. 3d Cir.), cert. denied, 226 So.2d 921, 254 La. 790 (1969). Contributory negligence is a matter of fact to be determined in light of the circumstances of each case. Soileau v. South Cent. Bell Tel. Co., 406 So.2d 182 (La.1981); McKowen v. Gulf States Utilities Co., 358 So.2d 675 (La.App. 1st Cir.1978). Questions of fact are generally left to the jury and its findings should *1210 not be disturbed unless they are clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). After a thorough review of the record, we cannot say that the jury’s factual findings are clearly wrong.
There is ample evidence in the record to support a finding of contributory negligence. If, as plaintiff asserts, the jury did conclude that defendant was negligent, it must necessarily have accepted the testimony of Michael Durham, the only witness who actually saw water on the floor at the time of plaintiff’s mishap. Durham’s testimony was to the effect that the water was in puddles on the floor and that it was quite noticeable. However, plaintiff testified that she did not see any water prior to her fall. An accident report, prepared for defendant by Durham, indicates that the accident location was well lit by daylight and the store lighting system. Additionally, we note Durham’s testimony that there had been a problem with water on the floor for a long period of time and plaintiff’s testimony that she had been through the garden shop before. On the basis of this evidence the jury would not be manifestly erroneous in concluding that a reasonable individual should have noticed the accumulation of water on the floor and taken some precautions to avoid slipping.
Plaintiff relies upon Guidry v. Pizza Hut of Louisiana, Inc., 352 So.2d 355 (La.App. 4th Cir.1977), cert. denied, 353 So.2d 1045 (La.1978), which involved a slip and fall on a wet floor at a restaurant. In Guidry, in upholding a jury verdict for plaintiff, the court made the following observations:
“Defendants have failed to prove the lighting conditions and/or the vantage point from which plaintiff approached would have afforded a reasonable man the opportunity to be forewarned of the slippery condition had he been exercising ordinary care under the circumstances. Conversely, the evidence preponderates to the effect that the slippery floor was not apparent to plaintiff.” 352 So.2d at 356.
The factual situation here is readily distinguishable. The evidence establishes that the area of plaintiff’s fall was well lit. Additionally, plaintiff’s own witness, Durham, testified that the presence of water on the floor was readily apparent. The proof which was lacking in Guidry is present in the instant case.
For the foregoing reasons, the judgment of the district court is affirmed. All costs of these proceedings are to be paid by plaintiff-appellant.
AFFIRMED.